**RAMLO LAW**
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Creditor Everly Fitzgerald

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Faissel Vincent Farhi,<br><br>Debtor. | Case No. 2:26-bk-12374-WB<br>Hon. Julia Brand<br><br>Chapter 13<br><br>**Opposition to Motion Objecting to Claim #8-1 of Everly Fitzgerald; Declaration of Everly Fitzgerald; Request for Judicial Notice**<br><br>Hearing Date: **November 18, 2026**<br>Hearing Time: **10:00 a.m.**<br>Courtroom: 1375<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Everly Fitzgerald, creditor, presents this opposition to the Debtor's *Motion Objecting to Claim #8-1 of Everly Fitzgerald* (DE 35, filed 10/19/26, the "**Objection**" or "**Motion**"), as follows:

The Objection seeks an order staying Fitzgerald's proof of claim No. 8-1, filed 5/21/26 (the "**Claim**") by providing that it "not be paid pending resolution of **this matter**." (Mtn. at 4:19-20 (emphasis added); *see also* Mtn. at 3:4-5 ("Debtor requests that . . . Claim not be paid by this Court pending resolution of **the litigation**"); Mtn at 4:2 ("Debtor requests that . . . Claim not be paid pending resolution of **the lawsuit**"). The Motion notes that Fitzgerald's prepetition state court action (pending in the Los Angeles Superior Court, the "**LASC Action**" against the Debtor

remains pending and subject to the automatic stay. It also notes that Fitzgerald has filed an action (the "**Nondischargeability Action**") seeking a declaration of nondischargeability with respect to a portion of the Claim. (The Nondischargeability Action does not seek a money judgment on the Claim.) In summary, the Motion seeks a stay pending a resolution of (a) "this matter," which might also mean the Motion itself, i.e., the claims objection, (b) the LASC Action, or (c) the Nondischargeability Action.

The Motion also asks that the requested order allow Fitzgerald to promptly "amend [her] claim accordingly" (Mtn. 4:21-5:1; *see also* 3:6, 4:3) if she "prevails and is owed funds" (Mtn. 4:3-4, 4:4-20-21; *see also* Mtn. 3:5-6, 4:3-4).

The stated basis for the requested order is that the Claim is disputed, not yet adjudicated, and unliquidated.

The Objection should be overruled for the following reasons:

1. The only grounds for objecting to a claim are those listed in 11 U.S.C. § 502(b) and the Motion asserts no such ground;
    a. Although a claim is deemed disallowed if objected to, disputing a prima facially valid claim without evidence is not a valid ground for a claims objection;
    b. The lack of an adjudication of a claim is not a valid basis for objecting to the claim;
    c. A claim is not subject to objection on the basis that it is unliquidated;
2. The Motion fails to provide any evidence or legal authority that rebuts the presumed validity of the Claim.
3. The Motion is fatally uncertain as to:
    a. how long the non-payment order is to last (i.e., the resolution of the Motion, the LASC Action, or the Nondischargeability Action);
    b. whether the Chapter 13 Trustee or anyone else will be required to reserve funds sufficient to pay the distribution required by any confirmed plan if the Claim were amended in accordance with the

requested order;

4. The Motion fails to cite any legal authority for the proposition that payment can be stayed because the claim is disputed, unadjudicated, or unliquidated;

5. The Claim is liquidated in part, in the amount of no less than $460,800, and should be subject to distributions based on that portion of the claim even if the Court were otherwise inclined to grant the relief sought in the Objection. Moreover, other portions remain unliquidated due to the Debtor's violations of discovery rules in the LASC Action.

**A. The Motions to provide any basis for objecting to the Claim.**

The only grounds for objecting to a claim are those listed in 11 U.S.C. § 502(b). *See In re SNTL Corp.*, 571 F.3d 826, 838–39 (9th Cir. 2009); *In re Rodriguez*, 375 B.R. 535, 545 (B.A.P. 9th Cir. 2007). The mere dispute of a claim, the lack of an adjudication of a claim, nor the lack of liquidation of a claim constitutes grounds for disallowing the Claim. The Objection should be overruled.

**B. The Motion fails to provide any evidence or legal authority that rebuts the presumed validity of the Claim.**

Although the Objection does not seek disallowance of the Claim and presumes that the Claim will be allowed through the adjudication of the LASC Action or the Nondischargeability Action (the latter does not seek a money judgment), the Objection nevertheless asserts that it presented evidence rebutting the presumed validity of the Claim. The only evidence presented is counsel's declaration, which addresses the procedural status and context of the claim but does not address the validity of the claim. Even if the Objection had given sufficient notice of its intention to challenge the merits of the Claim, it does not provide any evidence or legal authority in support of disallowance of the Claim. *See United States v. Sampsell*, 224 F.2d 721, 722-23 (9th Cir. 1955) (trustee failed to present evidence sufficient to rebut prima facie validity of tax claim). The Objection should be overruled.

**C. Motion is fatally uncertain.**

Rule 9013(b) requires motions to state their grounds with particularity and set forth the

relief sought. The Motion seeks to stay the Claim for perhaps three different time periods, or one of them. (Logic would dictate that the Debtor intends for the time period to be the resolution of the LASC Action, as neither the Motion nor the Nondischargeability Action seeks to liquidate the Claim and therefore the Claim is currently on a procedural path to be liquidated only in the LASC Action.* But the relief sought is as stated in the Motion.)

The relief sought would also include a direction that Fitzgerald could amend her claim after its adjudication. But the Motions does not indicate whether there would be any funds available to be distributed on the amended claim. The relief requested does not include ordering the Chapter 13 Trustee or anyone else to reserve funds sufficient to pay the distribution required by any confirmed plan if the Claim were amended in accordance with the requested order. (Any such relief does not pertain directly to allowance or disallowance of a claim and would therefore appear more appropriate as a term of the proposed chapter 13 plan. It pertains more closely to a plan's *treatment* of a partially unliquidated claim that is either (a) deemed allowed through lack of an objection but subject to stayed nonbankruptcy litigation or (b) deemed disallowed due to a pending objection. In either event, the treatment should be a plan issue and not a claims allowance issue.)

There is not citation to any legal authority for effectively disallowing the Claim through this uncertain and potentially prejudicial procedure.

The uncertainty requires that the Objection be overruled.

**D. The Motion lacks legal authority for the relief sought.**

Motions in this District must include a "written statement of all reasons in support thereof, together with a memorandum of the points and **authorities** upon which the moving party will rely." (LBR 9013-1(c)(3)(A) (emphasis supplied).) The Motion asks the Court to order that the Claim not be paid pending one of three time periods, allowed only through amendment, and without any protections of distributions otherwise required under a plan, all without citation to any legal authority. The Objection should be disallowed for failure to provide any legal authority

---

* Fitzgerald would prefer to liquidate the Claim in the LASC Action and that the Debtor consent to having the nondischargeability of the Claim also adjudicated in the Los Angeles Superior Court in a single trial. Discussions between counsel for Fitzgald and the Debtor have yet to find a proposal acceptable to each side.

for the relief sought.

**E. The Claim is Partially Liquidated.**

Even if the relief sought were proper, the Claim is only partially liquidated. As presented in the annexed declaration of Ms. Fitzgerald in support of this opposition to the Objection, multiple portions of the Claim are liquidated in the sense that the precise amount of the damages are specific in amount and do not await the verdict of a jury for determination of precise amounts. Those amounts in the aggregate total no less than $460,800. Additionally, the current lack of liquidation of other portions of the Claim are the result of the Debtor's failure to provide discovery responses in the LASC Acton. Fitzgerald had filed a motion for terminating sanctions on the basis of those discovery violations. A copy of that motion and supporting declaration without the voluminous exhibits is attached, of which Fitzgerald requests the Court take judicial notice in accordance with FRE 201.

Payment on the Claim should not be delayed and if delayed should not be delayed to the extent of $460,800. But for all the reasons stated above, the Objection should be overruled.

Dated: November 4, 2026

RAMLO LAW

By: */s/ Kurt Ramlo*
Attorney for Creditor Everly Fitzgerald