# Exhibit 1

Exhibit 1

SCHEIN
LAW GROUP

Joshua D. Schein (State Bar No. 264055)
Josh@Schein.Law
Patricia Lynne Mitchell (State Bar No. 216224)
Patricia@Schein.Law
Cody Leigh Laux (State Bar No. 359748)
Cody@Schein.Law
9401 Wilshire Blvd., Suite 750
Beverly Hills, California 90210
Telephone: (424) 355-8555
Facsimile: (424) 355-8087

**SHERMAN LAW CORPORATION**
Lisa G. Sherman (State Bar No. 176548)
Lisa@Sherm-Law.com
6300 Wilshire Blvd., Suite 880
Los Angeles, California 90048
Telephone: (323) 488-2087
Attorneys for Plaintiff
EVERLY FITZGERALD

**Electronically FILED by Superior Court of California, County of Los Angeles 3/11/2026 6:52 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Ismael, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

EVERLY FITZGERALD an individual,

Plaintiff,

vs.

ZELLIJ GALLERY INC. a California Corporation; FAISSEL FARHI, an individual, and DOES 1-10

Defendants.

Case No. 23STCV31387

*[Assigned for all purposes to the Hon. Brock T. Hammond, Dept. 31]*

**PLAINTIFF FITZGERALD'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, MONETARY, ISSUE, AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR ONGOING VIOLATIONS OF THE COURT'S ORDERS**

**RESERVATION NO: 904948829212**
Date: May 28, 2026
Time: 8:30 am
Dept. 31

Complaint filed: December 22, 2023
Trial Date: April 20, 2026

Complaint filed: December 22, 2023
Trial Date: April 20, 2026

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 28, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 31 of the Los Angeles County Superior Court, located at 111 North Hill Street, Los Angeles, California 90012, Plaintiff Everly Fitzgerald ("Plaintiff") will, and hereby does, move the Court for an order compelling Defendants Zellij Gallery Inc. ("Zellij") and Faissel Farhi ("Farhi," or collectively, "Defendants") Court for an order of terminating sanctions, or in the alternative, monetary, issue, and evidentiary sanctions against Defendants.

Severe sanctions are necessary because Defendants have:

1. Violated the Court's September 18, 2025, and February 6, 2026 orders.
2. Failed to appear for properly noticed depositions.
3. Withheld contact information of third party out-of-state witness Monika Gransee.
4. Failed to timely respond to discovery and produce documents.
5. Failed to serve a privilege log for documents withheld based on privilege.
6. Failed to pay monetary sanctions ordered.

This continued abuse the discovery process has prejudiced Plaintiff who is left without critical evidence she needs to pursue her claims and defend against Defendants' **82 affirmative defenses** with due process ahead of the April 20, 2026, trial.

The Motion will be made pursuant to California Code of Civil Procedure §§ 2023.030, and 2031.310(i), 2031.320(c).

As set forth in the attached Memorandum, Plaintiff respectfully requests an order entering the following discovery sanctions against Defendants:

1. Terminating Sanctions striking Defendants' answer to the Complaint;

   In the alternative,

2. Monetary sanctions against Defendants: $13,600.
3. As set forth in the attached Memorandum, Plaintiff respectfully requests an order entering the following issue and evidentiary sanctions against Defendants:

<u>Sexual Harassment</u>

SCHEIN LAW GROUP

1. Issue: Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

<u>Sex Discrimination</u>

1. Issue: Everly Fitzgerald's sex/gender was a substantial motivating reason for her termination.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald sex/gender was a substantial motivating reason for her termination.

<u>Failure to Prevent Claims</u>

1. Issue: Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

<u>Retaliation and Wrongful Termination Claims</u>

1. Issue: Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

<u>Wage and Hour Claims</u>

1. Issue: Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.



SCHEIN LAW GROUP

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Separate Statement filed concurrently herewith, the Declaration of Joshua D. Schein, together with supporting evidence, filed concurrently herewith, and upon all the pleadings, records, and papers on file herein, as well as, any documents incorporated by reference, and upon such further evidence and argument as may be presented at the hearing on this Motion.

SCHEIN LAW GROUP

Dated: March 11, 2026

By: ______________________________

JOSHUA D. SCHEIN
ATTORNEYS FOR PLAINTIFF
EVERLY FITZGERALD

## TABLE OF CONTENTS

**I. INTRODUCTION ........ 1**

**II. STATEMENT OF RELEVANT FACTS ........ 1**

A. Most Recent Abuse - Defendants Fail to Appear Confirmed for Depositions ........ 1

B. Prior Abuse - The September 18, 2025, Court Order against Defendants. ........ 2

C. Plaintiff Serves RFP, Set Two and Zellij Serves Objections-Only ........ 2

D. Defendants Violate the Court's September 18, 2025, Order ........ 3

E. Despite Meet-And-Confer, Zellij did not Comply with RFP, Set Two ........ 3

F. This Court Orders Supplemental Responses to RFP, Set Two, ESI, a Privilege Log, and Monetary Sanctions ........ 4

**III. ARGUMENT ........ 5**

A. The Court Should Impose Terminating Sanctions ........ 7

B. In the Alternative, The Court Should Impose Monetary Sanctions ........ 10

C. The Court Should Impose Issue and Evidentiary Sanctions ........ 7

D. The Court Should Order Compliance ........ 10

**IV. CONCLUSION ........ 10**



SCHEIN LAW GROUP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Everly Fitzgerald ("Fitzgerald" or "Plaintiff") has been prejudiced by Defendants Zellij Gallery, Inc. ("Zellij"), and Faissel Farhi ("Farhi," collectively "Defendants") repeat violations of this Court's orders and continued misuse of discovery. The history of Defendants' discovery abuse is laid out in the previously filed motion for sanctions. Now, Defendants' have compounded their abuse, by failing to appear for depositions. Mr. Farhi has failed to appear in both his individual and corporate capacity, and the HR director witness, Monika Gransee, has failed to appear as well. As such, this motion is being filed to address the newest and most damaging discovery abuse, as part of the pattern of abuse addressed in the prior motion.

The record is clear that Defendants:

1. Failed to appear for properly noticed depositions.
2. Violated the Court's September 18, 2025, and February 6, 2026 orders.
3. Withheld contact information of third party out-of-state witness Monika Gransee.
4. Failed to timely respond to discovery and produce documents.
5. Failed to serve a privilege log for documents withheld based on privilege.
6. Failed to pay monetary sanctions ordered.

This continued abuse of the discovery process has prejudiced Plaintiff who is left without critical evidence she needs to pursue her claims and defend against Defendants' **82 affirmative defenses** and receive due process prior to the April 20, 2026, trial.

At this point, Plaintiff has been deprived of due process due to Defendants' violations of this Court's orders. According, the Court is authorized to, and should, impose terminating sanctions against Defendants.

## II. STATEMENT OF RELEVANT FACTS

### A. Most Recent Abuse - Defendants Fail to Appear Confirmed for Depositions

On February 19, 2026, Plaintiff re-noticed the depositions of Monika Gransee for March 2, 2026, and Mr. Farhi, for March 3, 2026, after these dates were confirmed by Defendants' lead counsel. (Schein Dec., **Exs. 17-19**).

On February 24, 2026, defense counsel filed a motion to withdraw.

On February 27, 2026, Zellij did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set Two.

Defendants did not serve objections to the depositions of Mr. Farhi or Ms. Gransee. Then, on March 2 and 3, 2024, neither Mr. Farhi nor Ms. Gransee appeared for deposition.

**B. Prior Abuse - The September 18, 2025, Court Order against Defendants.**

Plaintiff served a first set of discovery to Defendants by email on February 14, 2024. (Declaration of Joshua Schein ("Schein Dec.") **Exs. 1, 2**).[1] On May 10, 2024, Defendants served responses comprised largely of boilerplate objections and evasive answers, producing a small 572 documents, which were pdf only, heavily redacted, without attachments, and incomplete email strings. No ESI was produced and no objection to production of ESI in native format was raised. (Schein Dec., **Exs. 3,4**).[2]

After over a year and a half of extensive meet and confer, on September 18, 2025, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set One, against Defendants and ordered full compliance within 45 days of the Order (on or before November 3, 2025) and payment of $8550 in monetary sanctions. (Schein Dec. ¶¶ 10-21, **Ex. 5**). Defendants' counsel asked the Court to permit Defendants additional time to pay the monetary sanctions which was granted. Half of the sanctions were due in 30 days (on or before October 20, 2025) and the remaining sanctions were due in 60 days (on or before November 17, 2025). (Schein Dec., **Ex. 6**).

**C. Plaintiff Serves RFP, Set Two and Zellij Serves Objections-Only**

On September 22, 2025, Plaintiff served RFP, Set Two, on Zellij, which was follow-up discovery to prepare for trial, all of which was narrowly tailored to specific documents ESI discussed with Ms. Wilson at earlier meet and confers. (Schein Dec., **Ex. 7**). All of RFP, Set Two were tied to Defendants' responses to Plaintiff's First set of Discovery.

On October 1, 2025, Defendants' former counsel filed a motion to withdraw as counsel for Defendants. On October 7, 2025, Mr. Farhi "replied all" to the October 2, 2025, email and wrote:

---

[1] Only one set of RFPs is attached as an example.

[2] Only one set of RFP responses is attached as an example.

> Hello Cassandra (legal assistant to prior defense counsel) How come the documents state your withdrawal is due to reconcilable [sic] differences and unresponsiveness. Knowing well that it's purely financial as I'm filing for bankruptcy, unable to pay you or anyone else, you should amend the paperwork.
> Great job, Josh! (Schein Dec., **Ex. 8**)

Defendants' former counsel did not amend the motion, and Defendants did not file for bankruptcy.

On October 24, 2025, Zellij served objection-only responses asserting the same improper objections that it raised to Set One. (Schein Dec., **Ex. 9**).

**D. Defendants Violate the Court's September 18, 2025, Order**

On November 3, 2025, Defendants did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set One.

On October 20, 2025, and November 17, 2025, Defendants did not pay the monetary sanctions ordered against them. *Id*.

**E. Despite Meet-And-Confer, Zellij did not Comply with RFP, Set Two**

On November 11, 2025, Plaintiff's counsel sent a detailed meet and confer letter stating the reasons Zellij must provide complete responses to each RFP, and demanded that ESI be produced in native format, and produce a privilege log. Zellij did not respond to the letter or comply.

On December 10, 2025, Plaintiff filed and served Plaintiff's Motion to Compel Further Responses to Request for Production of Documents (Set Two) and for Monetary Sanctions.

On December 19, 2025, Defendants' new counsel filed substitutions of attorney.

On December 23, 2025, at the hearing on Defendants' *Ex Parte* Application to Continue the Hearing on this Motion and Trial Date, the Court continued the hearing on the MTC on RFP, Set Two, until February 2, 2026, based on Ms. McManus representations that the new firm needed additional time to comply with Plaintiff's discovery requests and provide substantive responses. The Court denied Defendants' *ex parte* application to continue the April 20, 2026, Trial date reminding Defendants that they must immediately and fully comply with this Court's prior Orders. (Schein Dec., **Ex. 10**).

Plaintiff's counsel sought to meet and confer in compliance with the Court's December 23, 2025, Order, to no avail. Instead, on January 15th, Defendants served supplemental responses that

were not code-compliant, represented that there are no additional responsive documents which was false. (Schein Dec., **Exs. 11, 12**). Further, Defendants failed to produce a privilege log, unredacted documents, any ESI and did not pay the monetary sanctions ordered by the Court on September 18, 2025. New defense counsel also requested another extension of the trial date, did not identify the discovery Defendants needed to complete prior to trial, and objected to producing Ms. Gransee and Mr. Farhi for properly noticed depositions.

On January 22, 2026, Plaintiff served four sets of supplemental requests and interrogatories in preparation for the upcoming trial, which were due on February 25, 2026. Defendants did not respond.

Then, on January 28, 2026, Defendants served another set of supplemental responses to RFP, Set One, only supplementing *one* RFP which again was not code compliant and produced 468 pages of pdf-only incomplete emails half of which were entirely illegible. (Schein Dec., **Exs. 13, 14**). On February 1, 2025, Plaintiff's counsel sent a second meet and confer letter regarding their ongoing violations of the Court's September 18, 2025, order, and requested full compliance by February 6, 2026. (Schein Dec., **Ex. 15**). Nothing was served on February 6, 2026.

### F. This Court Orders Supplemental Responses to RFP, Set Two, ESI, a Privilege Log, and Monetary Sanctions

On February 2, 2026, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set Two, against Zellij, concluding that Zellij asserted meritless objections, and ordered full compliance within 25 days of the order (on or before February 27, 2026) and payment of $3,800 in monetary sanctions within 60 days of the order (on or before April 3, 2026). (Schein Dec., **Ex. 16**). As of the filing of this Motion, Defendants have not complied with the February 2, 2026, order at all, but simply ignored it.

Two days later, Defendants filed a second motion to continue trial for 180 days. This time Defendants claimed that a 180 day trial continuance (and related dates) was necessary because Defendants were diligently working to address Plaintiff's outstanding discovery, including, responding to five sets of discovery; trial prep will be hindered by representing third party HR consultant, Ms. Gransee, at deposition; and to engage in good faith settlement discussions. All of this was flat out false. Defendants manufactured another delay to trick the Court into moving trial

(and related deadlines) and again harming the Plaintiff, who has been suffering for over two years.

March On March 11, 2026, the Court denied Defendants' motion to continue the trial date stating that defense counsel's motion to withdraw "suggests that Defendants do not intend to complete discovery or participate in settlement discussions or mediation." The Court advanced the hearing on defense counsel's motion to withdraw and Plaintiff's motion for sanctions to March 20, 2026, just three days before the discovery cut-off and thirty days before trial. (Schein Dec., **Ex. 20**).

Since defense counsel agreed to represent Ms. Gransee (who lives out of state) in lieu of supplementing Defendants' responses with Ms. Gransee's contact information, Plaintiff may not have time to locate Ms. Gransee and obtain a commission to subpoena her to testify at trial prejudicing Plaintiff.

## III. <u>ARGUMENT</u>

"California discovery law authorizes a range of penalties for a party's refusal to obey a discovery order, including monetary sanctions, evidentiary sanctions, issue sanctions, and terminating sanctions." *Lopez v. Watchtower Bible & Tract Soc'y of New York, Inc.* (2016) 246 Cal.App.4th 566, 604 (citing CCP §§ 2023.010, 2023.030); *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991). "A court has broad discretion in selecting the appropriate penalty, and [the Court of Appeal] must uphold the court's determination absent an abuse of discretion." *Id.* (citing .)" *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390); *Manlin v. Milner* (2022) 82 Cal. App. 5th 1004, 1023-24, review denied (Dec. 21, 2022) ("*Manlin*"). For example, in *Manlin*, the Court issued sanctions based on a pattern of discovery evasion and abuse:

> Here, Manlin engaged in gamesmanship by providing incomplete and noncompliant responses, necessitating multiple efforts to compel compliance with a basic discovery obligation and needlessly prolonging the discovery dispute. His first response contained boilerplate objections having little pertinence to the actual requests. The second response contained more frivolous objections, and the ultimate production was sparse and two days late.
>
> *Manlin*, 82 Cal. App. 5th 1004, 1024.

"CCP § 2023.030 authorizes a trial court to impose monetary sanctions, issue sanctions, evidence sanctions, or terminating sanctions against 'anyone engaging in conduct that is a misuse

of the discovery process.' " *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991.

Decisions such as *Vallbona v. Springer* (1996) 43 Cal.App.4th 1525, 1544–1549, and *Do It Urself Moving & Storage, Inc. v. Brown* (1992) 7 Cal.App.4th 27, 35, hold that violation of a discovery order is not a prerequisite to issue and evidentiary sanctions when the offending party has engaged in a pattern of willful discovery abuse that causes the unavailability of evidence. *See also Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1399. Where conduct is "part and parcel of a whole history of stonewalling, wild goose chases, too little, too late...," sanctions are warranted. *Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1216.

"A willful failure does not necessarily include a wrongful intention to disobey discovery rules. A conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, is sufficient to invoke a penalty. [Citation]." *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 772, 787–788. Where the trial court finds the essential fact of willfulness, that finding is entitled to deference on appeal. *Flynn v. Superior Court* (1979) 89 Cal.App.3d 491, 496. *Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 904; *Sauer v. Superior Ct.* (1987) 195 Cal.App.3d 213, 227–28.

Where a "persistent refusal to comply with discovery requests is equated with an admission that the disobedient party has no meritorious claim in regard to that issue, the appropriate sanction for such conduct is preclusion of that evidence from trial, even if that proves determinative in terminating the offending party's case." *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 390 (plaintiff in sex molestation civil action refused to answer discovery concerning facts, evidence, and witnesses to support his claim); *Kuhns v. State of California* (1992) 8 Cal.App.4th 982 (state was sued for injuries caused by dangerous road condition; state's failure to produce information relevant to plaintiff's claim of the dangerous condition of the property, including state's notice of that fact, justified issue sanction deeming it admitted that the roadway was a dangerous condition of which the state had prior knowledge).

Here, the full range of sanctions is warranted. Plaintiff has been trying to get basic discovery for almost two years. After 18 months of meet and confer, two court orders were sought and issued. Defendants did not comply at all and instead engaged new counsel to repeatedly request trial

continuances, serve more non-compliant supplemental responses, no responsive ESI, while claiming full compliance, and frivolously objecting and not appearing to properly noticed depositions. Every day this case remains unresolved, Plaintiff continues to suffer, witnesses' memories fade, evidence become stale, and Plaintiff is hampered in her ability to prepare for the April 20, 2026, trial. (Schein Dec., ¶71).

Enough is enough. This is an ongoing practice of discovery abuse that is severely prejudicing plaintiff and prolonging this case.

**A. The Court Should Impose Terminating Sanctions**

The court may make any of the following orders against the party disobeying the order: • Striking that party's pleadings or parts thereof; • Staying further proceedings by that party until the order is obeyed; • Dismissing that party's action, or any part thereof; or • Entering default judgment against that party. CCP § 2023.030(d); see *Los Defensores, supra* at 390-392, (entry of default as terminating sanction justified based on party's willful failure to comply with order compelling production of documents identified at deposition); J.*W. v. Watchtower Bible & Tract Soc. of New York, Inc.* (2018) 29 CA5th 1142, 1170-1171 (terminating sanctions warranted where D did not comply with nearly year-old discovery order).

Here, Defendants have engaged in almost two years of discovery abuse causing Plaintiff to incur delay and suffer prejudice. The Court has tried lesser sanctions twice, **with no effect**. Defendants ignore the Court's orders and has been emboldened by the lack of more severe sanctions. All the while, Plaintiffs are forced to litigate without access to critical evidence. (Schein Dec., ¶71). This Court should put an end to Defendants gamesmanship and protect Plaintiff from the utter lack of due process that Defendants' hiding of evidence has caused. The Court should strike Touchstone's answer as a terminating sanction and allow this matter to proceed to a trial on damages with liability determined.

**B. The Court Should Impose Issue and Evidentiary Sanctions**

The court may order that designated facts "shall be taken as established" by the party adversely affected by the discovery misuse; or it may prohibit the party who committed such misuse

from supporting or opposing designated claims or defenses. CCP § 2023.030 (b). Thus, for example, where a party fails to obey an order to answer deposition questions, the court may prohibit the deponent from introducing any evidence to the contrary. See *Juarez v. Boy Scouts of America*, Inc., 81 Cal.App.4th 377, 387 (2000) (issues held established because of failure to answer interrogatories regarding evidence supporting claims pertaining to these issues); *NewLife Sciences v. Weinstock*, 197 Cal.App.4th 676, 687 (2011) (issue sanctions establishing that defendant breached his employment contract, and defendants was precluded from contrary evidence). "The court may impose an issue sanction ordering that designated facts shall be taken as established in the action in accordance with the claim of the party adversely affected by the misuse of the discovery process." (§ 2023, subd. (b)(2).) *Vallbona v. Springer*, 43 Cal.App.4th 1525, 1547, (1996).

For two years, Plaintiff has tried to obtain basic evidence to prove her claims against Defendants. Because Defendants have withheld information, the issues to which that information is pertinent should be decided in Plaintiff's favor.

The court may also prohibit the party from introducing designated matters in evidence. CCP § 2023.030 (c); *Waicis v. Sup.Ct.*, 226 Cal.App.3d 283, 287 (1990) (no abuse of discretion to bar expert's testimony at trial where expert was repeatedly uncooperative in scheduling his deposition and walked out before it was over to attend "personal meeting"); *Deeter v. Angus*, 179 Cal.App.3d 241, 255 (1986), (exclusion of audio tape not produced in response to discovery requests); *Vallbona v. Springer*, 43 Cal.App.4th 1525, 1547-1548 (1996) (exclusion of records offering party claimed he was unable to produce for discovery because they had been stolen).

Here, Plaintiff has repeatedly attempted to obtain evidence on all her claims and the 82 affirmative defenses. Because Defendants have withheld the evidence Plaintiff needs for trial, and because they have withheld the evidence to support their affirmative defenses, such evidence should be barred at trial.

Here, the Court should issue the following orders as sanctions establishing facts that the Defendants have refused confirm, and preventing evidence from Defendants as follows:

<u>Sexual Harassment</u>

1. Issue: Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

<u>Sex Discrimination</u>

1. Issue: Everly Fitzgerald's sex/gender was a substantial motivating reason for her termination.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald sex/gender was a substantial motivating reason for her termination.

<u>Failure to Prevent Claims</u>

1. Issue: Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

<u>Retaliation and Wrongful Termination Claims</u>

1. Issue: Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

<u>Wage and Hour Claims</u>

1. Issue: Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.

**C. In the Alternative, The Court Should Impose Monetary Sanctions**

Pursuant to CCP § 2023.030 "(a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct….If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

In addition, case law holds that "[i]f the court finds the refusal or failure [to produce documents] was without substantial justification, it may require that party to pay to the requesting party the amount of reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. Attorney's fees and expenses may be awarded when a motion to compel is granted; the sanctioned party need not have refused to obey an existing court order." *Sauer v. Super. Ct.,* 195 Cal. App. 3d 213, 224 (1987).

As set forth in the accompanying declaration of Joshua D. Schein, Defendants should be ordered to pay $13,600 in sanctions. (Schein Dec., ¶¶73-78).

**D. The Court Should Order Compliance**

The Court should order Defendants to comply with the Court's prior orders immediately (i.e., produce responsive ESI, unredacted documents, a privilege log, and supplemental code-compliant responses).

**IV. <u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff Everly Fitzgerald requests that this Court grant the requested sanctions. Plaintiff further requests such further and additional relief as the Court deems just and appropriate.

SCHEIN
LAW GROUP

Dated: March 11, 2026 By: ______________________
JOSHUA D. SCHEIN

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 9401 Wilshire Blvd., Suite 750, Beverly Hills, CA 90210. On **March 11, 2026**, I served the foregoing document described as: **PLAINTIFF FITZGERALD'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, MONETARY, ISSUE, AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR ONGOING VIOLATIONS OF THE COURT'S ORDERS** on the interested parties in this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

| | |
|---|---|
| **Parag L. Amin, Esq.**<br>parag@lawpla.com<br>eservice@lawpla.com<br>**Kaleigh McManus, Esq.**<br>kaleigh.mcmanus@lawpla.com<br>**Jenny Marcaida**<br>jenny.marcaida@lawpla.com<br>**Angelica Figueroa**<br>angelica.figueroa@lawpla.com<br>LAW OFFICE OF PARAG L. AMIN, P.C.<br>5901 W. Century Blvd., Suite 1518<br>Los Angeles, CA 90045<br>Tel: (213) 293-7881 | Counsel for Defendants |

[x] **By ELECTRONIC SERVICE** in accordance with the Judicial Council's Emergency Rule 12, adopted 4/17/2020 CCP § 1010.6 (amended eff 1/1/19). and the rules in this chapter. CRC 2.251(c)(1) (amended eff 1/1/2020), I served the foregoing document described by causing it to be emailed to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is Sharon@Schein.Law.

[x] **By PERSONAL SERVICE**

[√] STATE I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 11, 2026**, at Los Angeles, California.

[signature]

Josh Schein



SCHEIN LAW GROUP

Journal Technologies Court Portal

# Make a Reservation

EVERLY FITZGERALD, AN INDIVIDUAL, et al. vs ZELLIJ GALLERY, INC. A CALIFORNIA CORPORATION

Case Number: 23STCV31387 Case Type: Civil Unlimited Category: Wrongful Termination
Date Filed: 2023-12-22 Location: Stanley Mosk Courthouse - Department 31

## Reservation

Case Name:
EVERLY FITZGERALD, AN INDIVIDUAL, et al. vs ZELLIJ GALLERY, INC. A CALIFORNIA CORPORATION

Case Number:
23STCV31387

Type:
Motion for Terminating Sanctions

Status:
RESERVED

Filing Party:
Everly Fitzgerald (Plaintiff)

Location:
Stanley Mosk Courthouse - Department 31

Date/Time:
05/28/2026 8:30 AM

Number of Motions:
1

Reservation ID:
904948829212

Confirmation Code:
CR-VKOZBKASJTG5MYNGL

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Terminating Sanctions | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

Amount:
$0.00

Type:
NOFEE

Account Number:
n/a

Authorization:
n/a

Payment Date:
n/a

Print Receipt | Reserve Another Hearing | View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

Help