# Exhibit 2

Exhibit 2

SCHEIN
LAW GROUP

Joshua D. Schein (State Bar No. 264055)
Josh@Schein.Law
Patricia Lynne Mitchell (State Bar No. 216224)
Patricia@Schein.Law
Cody Leigh Laux (State Bar No. 359748)
Cody@Schein.Law
9401 Wilshire Blvd., Suite 750
Beverly Hills, California 90210
Telephone: (424) 355-8555
Facsimile: (424) 355-8087

**SHERMAN LAW CORPORATION**
Lisa G. Sherman (State Bar No. 176548)
Lisa@Sherm-Law.com
6300 Wilshire Blvd., Suite 880
Los Angeles, California 90048
Telephone: (323) 488-2087
Attorneys for Plaintiff
EVERLY FITZGERALD

**Electronically FILED by Superior Court of California, County of Los Angeles 3/11/2026 6:52 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Ismael, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

EVERLY FITZGERALD an individual,

Plaintiff,

vs.

ZELLIJ GALLERY INC. a California Corporation; FAISSEL FARHI, an individual, and DOES 1-10

Defendants.

Case No. 23STCV31387

*[Assigned for all purposes to the Hon. Brock T. Hammond, Dept. 31]*

**SCHEIN DECLARATION IN SUPPORT OF PLAINTIFF FITZGERALD'S MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, MONETARY, ISSUE, AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR ONGOING VIOLATIONS OF THE COURT'S ORDERS**

**RESERVATION NO: 904948829212**
Date: May 28, 2026
Time: 8:30 am
Dept. 31

Complaint filed: December 22, 2023
Trial Date: April 20, 2026



SCHEIN LAW GROUP

SCHEIN LAW GROUP

# DECLARATION OF JOSHUA D. SCHEIN

I, Joshua D. Schein, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am the founder of Schein law Group, APC counsel of record herein for Plaintiff Everly Fitzgerald in this action. I submit this declaration in support of Plaintiffs' motion for sanctions against Defendants. I have personal knowledge of the facts stated herein and if called to testify, I would and could competently testify thereto.

2. On December 22, 2023, Plaintiff filed a 20-count employment action against Defendants. Ms. Fitzgerald alleges that she was subjected to unsafe and illegal business practices, including unwelcome and offensive sexual overtures, blatant discrimination, retaliation for opposing unlawful business practices and numerous wage hour violations. Shortly after Ms. Fitzgerald complained of Mr. Farhi's unlawful conduct for the final time, Defendants admittedly terminated her employment because of her allegations, which is direct evidence of unlawful retaliation and wrongful termination. (Comp. ¶¶ 53-57).

3. Defendants' answer raises 82 affirmative defenses, including, the after-acquired evidence defense based on allegations that following Ms. Fitzgerald's termination, she remotely accessed and deleted Defendants' proprietary electronic business records, including an excel sheet, in violation of 18 USC 1341, 1343, and Calif Penal Code Sections 502(c)(1), 502(d)(1) and 503.5, additional performance issues, and that Plaintiff misappropriated images of Zellij's tile by posting them on her Instagram and website. (*See*, docket).

4. On February 14, 2024, Plaintiff served a first set of discovery consisting of Form Interrogatory-Employment ("EFROGS), Form Interrogatory-General ("GFROGS"), Requests for Production of Documents ("RFPS"), Special Interrogatories ("SROGS"), and Requests for Admissions ("RFAS"). Defendants requested several extensions of time representing that they would fully comply with discovery, all of which were granted.

5. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's RFP, Set One to Zellij.

6. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's RFP, Set One to Farhi.

7. On May 10, 2024, Defendants served responses comprised largely of boilerplate objections and evasive answers, producing a small 572 documents, which were pdf only, heavily redacted, without attachments, and incomplete email strings. No ESI was produced and no objection to production of ESI in native format was raised.

8. Attached hereto as **Exhibit 3** is a true and correct copy of Zellij's responses to RFP, Set One.

9. Attached hereto as **Exhibit 4** is a true and correct copy of Farhi's responses to RFP, Set One.

10. On August 20, 2024, I sent a detailed meet and confer letter stating the reasons Farhi must provide complete responses to each RFP, proposed using a protective order to address any confidentiality concerns, and demanded that ESI be produced in native format, and produce a privilege log by August 30, 2024. Defendants' prior counsel requested several extensions, all of which again were provided to them.

11. On November 12, 2024, Defendants' prior counsel sent a response to the August 20, 2024, meet and confer letter, without providing any supplemental responses or producing any additional responsive documents or ESI.

12. On November 22, 2024, Zellij served its first set of supplemental responses and produced an additional 40 pages of pdf-only redacted documents, and no ESI. Farhi served no further supplemental responses.

13. On January 25, 2025, I sent a detailed meet and confer letter stating the reasons why Zellij's supplemental responses were still not code compliant, and requested supplemental responses from both Defendants, all responsive ESI in native format, and a privilege log by January 28, 2025. On that same date, I also sent a draft protective order to govern the production of confidential documents.

14. On February 27, 2025, Ms. Sherman, my co-counsel, and I had a zoom call with Defendants' prior counsel, Gouya Ranekouhi, to discuss outstanding discovery issues. As to



SCHEIN LAW GROUP

Defendants' insufficient responses and incomplete production in response to Plaintiff's RFP's, Ms. Ranekouhi had no response. I requested dates for an IDC before Judge Bensinger to resolve the outstanding issues.

15. On April 4, 2025, Defendants' prior counsel responded to the January 25, 2025, meet and confer and served a second set of supplemental responses by Zellij only asserting identical generic objections and again failed to provide code-compliant responses, produce all responsive documents, ESI, or a privilege log.

16. On May 5, 2025, Defendants' prior counsel finally signed the protective order to govern the production and use of confidential documents in this case, which was submitted to the Court, but still Defendants did not produce all responsive documents unredacted and in native format.

17. On May 6, 2025, Judge Bensinger held an IDC agreeing with our position that (1) ESI needs to be produced by Defendants, but that the parties should meet and confer on terms, custodians, and scope; (2) since there is a protective order in place, the only redactions on documents should be banking information and social security numbers; and (3) Plaintiff is entitled to obtain the email boxes she used and underlying business records on customers that she worked on, including, sales records to determine commissions earned and owed to her. Judge Bensinger ordered counsel to meet and confer on these issues and Defendants' counsel file a report of the outcome by June 6, 2025, and set the hearing on Plaintiff's Motions to Compel for July 30, 2025.

18. On May 29, 2025, Ms. Sherman and I met and conferred via zoom with Defendants' prior counsel for over an hour, even though we were starting a two-week jury trial on June 9, 2025. Plaintiff's counsel reviewed types of ESI Plaintiff used, custodians including the other three persons identified in its company "employees" directory, and in Morocco, and HR consultant, Monica Gransee; proposed a scope of January 4, 2021 (DOH) to present and provided approximately 90 search terms from the allegations and defenses.

19. In addition, counsel discussed Defendants producing the email boxes Plaintiff used, communications that refer or relate to her, the QuickBooks she worked on as it is relevant to her retaliation, wrongful termination, and unfair business practices claim, text messages between



SCHEIN LAW GROUP

Defendant Farhi and Plaintiff without redactions, and sales documents to determine the commissions owed to her. Ms. Wilson would not agree to produce underlying business records, performance related documents, or as to the scope of the ESI after termination claiming they were not relevant. Following the meeting, Ms. Sherman sent a detailed meet and confer letter (carbon-copying me) confirming what was discussed.

20. Only July 3, 2025, Defendants only supplemented form and employment interrogatories, produced another 108 pages of new pdf-only documents obtained by SMI Aware, a company who collected posts from Plaintiff's Instagram account, as to Defendants' newest after acquired evidence defense that Plaintiff purportedly posted images of Zellij's tiles on her Instagram account. When Plaintiff's counsel asked about the status of the supplementals as to the issues raised at IDC and discussed on May 29, 2025, Defendants' prior counsel requested that they further meet and confer on ESI. Ms. Sherman offered to meet and confer the week of July 7 and July 14, 2025, to which we received no response.

21. On September 18, 2025, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set One, against Defendants and ordered full compliance within 45 days of the Order (on or before November 3, 2025) and payment of $8550 in monetary sanctions.

22. Attached hereto as **Exhibit 5** is a true and correct copy of the September 18, 2025, order.

23. Attached hereto as **Exhibit 6** is a true and correct copy of the certified copy of the transcript from the September 18, 2025, hearing.

24. On September 22, 2025, my office served Plaintiff's RFP, Set Two, on Zellij, which was follow-up discovery to prepare for trial, all of which was narrowly tailored to specific documents ESI discussed with Ms. Wilson at earlier meet and confers. All of RFP, Set Two were tied to Defendants' responses to Plaintiff's First set of Discovery refuting Plaintiff's allegations, Farhi's declaration supporting the after-acquired evidence defense, and Defendants' affirmative defenses. In addition, the vast majority of the documents sought by RFP, Set Two are also responsive to RFP, Set One so if Defendants' statements of compliance in their supplemental responses to RFP, Set One, are in fact true, which they are not based on prior counsel's past

SCHEIN LAW GROUP

representations, documents previously produced, and Defendants' opposition to their production for over 18 months, then its overbroad and unreasonably burdensome objections are specious.

25. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiff's RFP, Set Two.

26. On October 1, 2025, Defendants' former counsel filed a motion to withdraw as counsel for Defendants, which was served on all counsel, legal assistants, and defendants. On October 7, 2025, Mr. Farhi "replied all" to the October 2, 2025, email and wrote:

> Hello Cassandra (legal assistant to prior defense counsel)
> How come the documents state your withdrawal is due to reconcilable [sic] differences and unresponsiveness. ***Knowing well that it's purely financial as I'm filing for bankruptcy, unable to pay you or anyone else, you should amend the paperwork.***
>
> **Great job, Josh!**

By addressing me directly, this showed that Mr. Farhi intended to send the email to me. Defendants' former counsel did not amend the motion, and Defendants did not file for bankruptcy.

27. Attached hereto as **Exhibit 8** is a true and correct copy of Farhi's correspondence.

28. On October 24, 2025, Zellij served objection-only responses to RFP, Set Two, reasserting the *same* improper objections that it raised to Set One

29. Attached hereto as **Exhibit 9** is a true and correct copy of Zellij's objection-only responses to RFP, Set Two.

30. On November 3, 2025, Defendants did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set One.

31. On October 20, 2025, and November 17, 2025, Defendants did not pay the monetary sanctions ordered against them.

32. On November 11, 2025, I sent a detailed meet and confer letter stating the reasons Zellij must provide complete responses to each RFP, and demanded that ESI be produced in native format, and produce a privilege log. Zellij did not respond to the letter or comply.

33. On November 14, 2025, the Court granted prior defense counsel's motion to withdraw.

SCHEIN LAW GROUP

34. On December 10, 2025, my office filed and served Plaintiff's Motion to Compel Further Responses to Request for Production of Documents (Set Two).

35. On December 16, 2025, Defendants' new counsel, Kaleigh McManus, sent an email to me and Lisa Sherman, my co-counsel, advising us that her firm was substituting in as counsel for Defendants shortly.

36. On December 18, 2025, while Ms. Sherman and I were out of the office, Ms. McManus sent an email seeking a 30 day continuance of the hearing on this Motion to "allow us [Defendant's new counsel] to focus our efforts on *substantive responses rather than opposing the motion*." (emphasis added)

37. On December 19, 2025, Defendants' new counsel filed substitutions of attorney and filed an *Ex Parte Application* to Continue the MTC Hearing and Trial. New defense counsel, Kayleigh McManus, submitted a declaration ISO Defendants' *Ex Parte Application* to Continue the MTC Hearing and Trial, representing to the Court that the 30 day continuance was "to allow our office a reasonable amount of time to comply with Plaintiff's discovery requests."

38. On December 23, 2025, at the hearing on Defendants' *Ex Parte* Application to Continue the Hearing on this Motion and Trial Date, the Court continued the hearing on this Motion until February 2, 2026, based on Ms. McManus representations that the new firm needed additional time to comply with Plaintiff's discovery requests and provide substantive responses. Given the delays in this case to date and failure of Defendants to comply with the September 18, 2025, Order, the Court denied Defendants' *ex parte* application to continue the April 20, 2026, Trial date. In doing so, the Court reminded Defendants that they must *immediately and fully comply* with their discovery obligations and this Court's prior Orders and ordered the parties to engage in a meaningful meet and confer and submit a joint status report five days before the hearing on completed and pending discovery, anticipated motions, and any plans for mediation.

39. Attached as **Exhibit 10** is a true and correct copy of the Court's December 23, 2025, Order.

40. Between December 23, 2025, and the January 20, 2026, Opposition, Lisa Sherman, my co-counsel and I, attempted to meet and confer in compliance with the Court's December 23,

SCHEIN LAW GROUP

2025, Order. Defendant's new counsel did not respond at all to the November 11, 2025, meet and confer letter, and did not address this Motion at all in response to our attempts to meet and confer on the topics identified in the December 23, 2025, Order.

41. On January 12, 2026, Ms. Sherman emailed Defendants' new counsel to initiate the meet and confer in compliance with December 23, 2025, Order, addressing completed and pending discovery, *including, this Motion,* anticipated motions, and mediation.

42. On January 13, 2026, Ms. McManus replied to Ms. Sherman's January 12, 2025 email stating that "we are in the process of preparing supplementary discovery responses" which we plan to serve by January 19th, and renewed Defendants' request for a 90 day continuation of the trial date so that parties can mediate, and states that "our firm is not in violation of any court order." Ms. McManus did not provide what specific discovery Defendants needed to complete before trial, anticipated motions, or address this Motion at all. Ms. McManus, did not specify if the responses were to RFP, Set One or Set Two.

43. On January 14, 2026, I responded to Ms. McManus' January 13, 2026, email informing her that we were not agreeing to continue trial for mediation or any other reason. I also reminded her of Mr. Farhi's threats to declare bankruptcy and flee the country to evade discovery and that defendants are still in violation of court orders which if it continues, Plaintiff will be filing motions for sanctions for violation of court orders. I requested dates in early February to meet and confer on trial documents. I received no response to my January 14, 2026, email.

44. On January 15, 2026, Defendants served objections to properly noticed depositions of defendant Farhi and Monika Gransee, Defendants' HR representative (set for January 27 and February 9, respectively) on the grounds that they were unilaterally noticed, and Gransee must be subpoenaed, claiming that noticing the depositions improperly was an abuse of the discovery process. I immediately responded the same day that Gransee was served pursuant to the agreement of the parties. I informed Ms. McManus that prior counsel represented they would represent Gransee and accept serve for her which was reached after months of negotiations in which Defendants refused to provide her contact information. I asked Ms. McManus if anything had changed with Gransee's representation and if so, will Defendants supplement and provide her



SCHEIN LAW GROUP

address and asked for new dates for both depositions. To date, I have received no response to this email and was never provided with Ms. Gransee's contact information

45. Later that evening, January 15, 2026, Defendants served supplemental incomplete, evasive, and non-code compliant responses to RFP, Set One, and a draft protective order. Nothing else was served. None of the responses were code-compliant, most of the supplemental responses state that there are no additional responsive documents which was ***false*** based on previous responses, previous document productions, and prior defense counsel's representations to Plaintiff's counsel and the Court. Further, Defendants failed to produce a privilege log, unredacted documents, any ESI and did not pay the monetary sanctions ordered by the Court on September 18, 2025.

46. Attached hereto as **Exhibit 11** is a true and correct copy of Zellij's Third supplemental responses to RFP, Set One.

47. Attached hereto as **Exhibit 12** is a true and correct copy of Farhi's supplemental responses to RFP, Set One.

48. On January 16, 2026, Ms. Sherman emailed Defendants' new counsel a copy of the Protective Order previously entered by the Court on May 7, 2025, and requested Defendants produce all (unredacted) documents and responsive ESI by cob today. Defendants' new counsel did not respond or serve any documents or ESI.

49. On January 22, 2026, Plaintiff served four sets of supplemental requests and interrogatories in preparation for the upcoming trial, which were due on February 25, 2026. Defendants did not respond.

50. On January 28, 2026, Defendants served another set of supplemental responses to RFP, Set One, only supplementing *one* RFP which again was not code compliant and produced 468 pages of pdf-only incomplete emails half of which were entirely illegible.

51. Attached hereto as **Exhibit 13** is a true and correct copy of Zellij's Fourth supplemental responses to RFP, Set One.

52. Attached hereto as **Exhibit 14** is a true and correct copy of Farhi's Second supplemental responses to RFP, Set One.



SCHEIN LAW GROUP

SCHEIN LAW GROUP

53. On February 1, 2026, I sent a second meet and confer letter regarding their ongoing violations of the Court's September 18, 2025, order, and requested full compliance by February 6, 2026. Nothing was served on February 6, 2026.

54. Attached hereto as **Exhibit 15** is a true and correct copy of my correspondence.

55. On February 2, 2026, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set Two, against Zellij and ordered full compliance within 25 days of the Order (on or before February 27, 2026) and payment of $3800 in monetary sanctions within 60 days of the order (on or before April 3, 2026).

56. Attached hereto as **Exhibit 16** is a true and correct copy of the February 2, 2026, order.

57. As of the filing of this Motion, Defendants have not complied with the February 2, 2026, order at all, but simply ignored it.

58. On February 4, 2026, Defendants filed a second motion to continue trial for 180 days. This time Defendants sought to mislead the Court by claiming that a 180 day trial continuance (and related dates) was necessary because Defendants were diligently working to address Plaintiff's outstanding discovery, including, responding to five sets of discovery; trial prep will be hindered by representing third party HR consultant, Ms. Gransee, at deposition; and to engage in good faith settlement discussions. All of this was flat out false. Defendants manufactured another delay to trick the Court into moving trial (and related deadlines) and again harming the Plaintiff, who has been suffering for over two years.

59. On February 13, 2026, Defendants' lead trial counsel, Parag Amin, confirmed the depositions of Monika Gransee for March 2, 2026, and Mr. Farhi on March 3, 2026.

60. Attached hereto as **Exhibit 17** is a true and correct copy of counsel's correspondence.

61. On February 19, 2026, Plaintiff served amended notices of deposition for Ms. Gransee and Mr. Farhi.

62. Attached hereto as **Exhibit 18** is a true and correct copy of the (second) amended notice of deposition for Ms. Gransee.

SCHEIN LAW GROUP

63. Attached hereto as **Exhibit 19** is a true and correct copy of the (second) amended notice of deposition for Mr. Farhi.

64. No objections were filed to the notices of deposition.

65. On February 24, 2026, defense counsel filed a Motion to withdraw. Mr. Amin informed me on a telephone call that Mr. Farhi and Ms. Gransee would not be appearing for depositions. Mr. Amin also did not provide me with Ms. Gransee's contact information.

66. On February 27, 2026, Zellij did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set Two.

67. On March 11, 2026, the Court denied Defendants' motion to continue the trial date stating that defense counsel's motion to withdraw "suggests that Defendants do not intend to complete discovery or participate in settlement discussions or mediation." The Court advanced the hearing on defense counsel's motion to withdraw and Plaintiff's motion for sanctions to March 20, 2026, just three days before the discovery cut-off and thirty days before trial.

68. Attached hereto as **Exhibit 20** is a true and correct copy of the tentative ruling which was adopted by the Court on March 11, 2026 (since the order was not posted as the time of this filing).

69. The full range of sanctions is warranted. Plaintiff has been trying to get basic discovery for almost two years. After 18 months of meet and confer, two court orders were sought and issued. Defendants did not comply at all and instead engaged new counsel to repeatedly request trial continuances, serve more non-compliant supplemental responses, no responsive ESI, while claiming full compliance, and frivolously objecting and not appearing to properly noticed depositions twice. The Court has tried lesser sanctions twice, **with no effect**. Every day this case remains unresolved, Plaintiff continues to suffer, witnesses' memories fade, evidence become stale, and Plaintiff is hampered in her ability to prepare for and now is forced to litigate without access to critical evidence at the April 20, 2026, trial.

70. Since defense counsel agreed to represent Ms. Gransee (who lives out of state) in lieu of supplementing Defendants' responses with Ms. Gransee's contact information, Plaintiff may not have time to obtain a commission to subpoena her to testify at trial prejudicing Plaintiff.

SCHEIN LAW GROUP

**SANCTIONS**

71. I earned my B.A. in English and Political Science from the University of California, Berkeley (with honors), and my J.D. from UCLA School of Law. I have practiced law in New York and California since 2008.

72. I began my career as a business litigator in the New York office of Latham & Watkins; later practiced in the Los Angeles litigation department of Glaser Weil; served as a Senior Associate with Rosen Saba, LLP; and founded Schein Law Group in 2018. I have presented continuing legal education programs on ethics, social media, and employment law, and authored presentations on corporate raiding and unfair competition.

73. I have significant time pursuing discovery in this matter. My billing rate for this matter is $1,000 per hour.

74. I have spent numerous hours researching and drafting this motion as follows:

| Legal Services | Time Spent | Fees/Costs Incurred |
|---|---|---|
| Drafting of Motion, Declaration, Exhibits | 5 | $5,000 |
| Filing Fee for Motion and Mail serve | | $80 |
| Total | | $5,080.00 |

75. In addition to the foregoing, based on my experience, I reasonably anticipate I will conduct the following additional work on this motion:

| Legal Services | Time Spent | Fees Incurred |
|---|---|---|
| Review and Analyze Opposition to Motion | 1.5 | $1,500 |
| Draft Reply ISO Motion | 3.5 | $3,500 |
| E-Filing fee for Reply and Mail Serve | | $20 |
| Prepare, Appear and Argue Motion | 2 | $2,000 |
| Court Reporter for Motion | | $1,500 |
| Total | | $8,520.00 |

76. Accordingly, Plaintiff will reasonably incur a total of $13,600 in fees and costs associated with this motion.

I declare under penalty of perjury on March 11, 2026, under the laws of the State of California that the foregoing is true and correct.

JOSH SCHEIN

SCHEIN LAW GROUP