RAMLO LAW
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Creditor Everly Fitzgerald

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Faissel Vincent Farhi,<br><br>Debtor. | Case No. 2:26-bk-12374-WB<br>Hon. Julia Brand<br><br>Chapter 13<br><br>**Corrected Opposition to Motion Objecting to Claim #8-1 of Everly Fitzgerald; Declaration of Everly Fitzgerald; Request for Judicial Notice**<br><br>Hearing Date: **November 18, 2026**<br>Hearing Time: **1:30 p.m.**<br>Courtroom: 1375<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Everly Fitzgerald, creditor, presents this opposition to the Debtor's *Motion Objecting to Claim #8-1 of Everly Fitzgerald* (DE 35, filed 10/19/26, the "**Objection**" or "**Motion**"), as follows:

The Objection seeks an order staying Fitzgerald's proof of claim No. 8-1, filed 5/21/26 (the "**Claim**") by providing that it "not be paid pending resolution of **this matter**." (Mtn. at 4:19-20 (emphasis added); *see also* Mtn. at 3:4-5 ("Debtor requests that . . . Claim not be paid by this Court pending resolution of **the litigation**"); Mtn at 4:2 ("Debtor requests that . . . Claim not be paid pending resolution of **the lawsuit**"). The Motion notes that Fitzgerald's prepetition state court action (pending in the Los Angeles Superior Court, the "**LASC Action**" against the Debtor

remains pending and subject to the automatic stay. It also notes that Fitzgerald has filed an action (the "**Nondischargeability Action**") seeking a declaration of nondischargeability with respect to a portion of the Claim. (The Nondischargeability Action does not seek a money judgment on the Claim.) In summary, the Motion seeks a stay pending a resolution of (a) "this matter," which might also mean the Motion itself, i.e., the claims objection, (b) the LASC Action, or (c) the Nondischargeability Action.

The Motion also asks that the requested order allow Fitzgerald to promptly "amend [her] claim accordingly" (Mtn. 4:21-5:1; *see also* 3:6, 4:3) if she "prevails and is owed funds" (Mtn. 4:3-4, 4:4-20-21; *see also* Mtn. 3:5-6, 4:3-4).

The stated basis for the requested order is that the Claim is disputed, not yet adjudicated, and unliquidated.

The Objection should be overruled for the following reasons:

1. The only grounds for objecting to a claim are those listed in 11 U.S.C. § 502(b) and the Motion asserts no such ground;
    a. Although a claim is deemed disallowed if objected to, disputing a prima facially valid claim without evidence is not a valid ground for a claims objection;
    b. The lack of an adjudication of a claim is not a valid basis for objecting to the claim;
    c. A claim is not subject to objection on the basis that it is unliquidated;
2. The Motion fails to provide any evidence or legal authority that rebuts the presumed validity of the Claim.
3. The Motion is fatally uncertain as to:
    a. how long the non-payment order is to last (i.e., the resolution of the Motion, the LASC Action, or the Nondischargeability Action);
    b. whether the Chapter 13 Trustee or anyone else will be required to reserve funds sufficient to pay the distribution required by any confirmed plan if the Claim were amended in accordance with the

requested order;

4. The Motion fails to cite any legal authority for the proposition that payment can be stayed because the claim is disputed, unadjudicated, or unliquidated;

5. The Claim is liquidated in part, in the amount of no less than $460,800, and should be subject to distributions based on that portion of the claim even if the Court were otherwise inclined to grant the relief sought in the Objection. Moreover, other portions remain unliquidated due to the Debtor's violations of discovery rules in the LASC Action.

**A. The Motions to provide any basis for objecting to the Claim.**

The only grounds for objecting to a claim are those listed in 11 U.S.C. § 502(b). *See In re SNTL Corp.*, 571 F.3d 826, 838–39 (9th Cir. 2009); *In re Rodriguez*, 375 B.R. 535, 545 (B.A.P. 9th Cir. 2007). The mere dispute of a claim, the lack of an adjudication of a claim, nor the lack of liquidation of a claim constitutes grounds for disallowing the Claim. The Objection should be overruled.

**B. The Motion fails to provide any evidence or legal authority that rebuts the presumed validity of the Claim.**

Although the Objection does not seek disallowance of the Claim and presumes that the Claim will be allowed through the adjudication of the LASC Action or the Nondischargeability Action (the latter does not seek a money judgment), the Objection nevertheless asserts that it presented evidence rebutting the presumed validity of the Claim. The only evidence presented is counsel's declaration, which addresses the procedural status and context of the claim but does not address the validity of the claim. Even if the Objection had given sufficient notice of its intention to challenge the merits of the Claim, it does not provide any evidence or legal authority in support of disallowance of the Claim. *See United States v. Sampsell*, 224 F.2d 721, 722-23 (9th Cir. 1955) (trustee failed to present evidence sufficient to rebut prima facie validity of tax claim). The Objection should be overruled.

**C. Motion is fatally uncertain.**

Rule 9013(b) requires motions to state their grounds with particularity and set forth the

relief sought. The Motion seeks to stay the Claim for perhaps three different time periods, or one of them. (Logic would dictate that the Debtor intends for the time period to be the resolution of the LASC Action, as neither the Motion nor the Nondischargeability Action seeks to liquidate the Claim and therefore the Claim is currently on a procedural path to be liquidated only in the LASC Action.[*] But the relief sought is as stated in the Motion.)

The relief sought would also include a direction that Fitzgerald could amend her claim after its adjudication. But the Motions does not indicate whether there would be any funds available to be distributed on the amended claim. The relief requested does not include ordering the Chapter 13 Trustee or anyone else to reserve funds sufficient to pay the distribution required by any confirmed plan if the Claim were amended in accordance with the requested order. (Any such relief does not pertain directly to allowance or disallowance of a claim and would therefore appear more appropriate as a term of the proposed chapter 13 plan. It pertains more closely to a plan's *treatment* of a partially unliquidated claim that is either (a) deemed allowed through lack of an objection but subject to stayed nonbankruptcy litigation or (b) deemed disallowed due to a pending objection. In either event, the treatment should be a plan issue and not a claims allowance issue.)

There is not citation to any legal authority for effectively disallowing the Claim through this uncertain and potentially prejudicial procedure.

The uncertainty requires that the Objection be overruled.

**D. The Motion lacks legal authority for the relief sought.**

Motions in this District must include a "written statement of all reasons in support thereof, together with a memorandum of the points and **authorities** upon which the moving party will rely." (LBR 9013-1(c)(3)(A) (emphasis supplied).) The Motion asks the Court to order that the Claim not be paid pending one of three time periods, allowed only through amendment, and without any protections of distributions otherwise required under a plan, all without citation to any legal authority. The Objection should be disallowed for failure to provide any legal authority

---

[*] Fitzgerald would prefer to liquidate the Claim in the LASC Action and that the Debtor consent to having the nondischargeability of the Claim also adjudicated in the Los Angeles Superior Court in a single trial. Discussions between counsel for Fitzgald and the Debtor have yet to find a proposal acceptable to each side.

for the relief sought.

**E. The Claim is Partially Liquidated.**

Even if the relief sought were proper, the Claim is only partially liquidated. As presented in the annexed declaration of Ms. Fitzgerald in support of this opposition to the Objection, multiple portions of the Claim are liquidated in the sense that the precise amount of the damages are specific in amount and do not await the verdict of a jury for determination of precise amounts. Those amounts in the aggregate total no less than $460,800. Additionally, the current lack of liquidation of other portions of the Claim are the result of the Debtor's failure to provide discovery responses in the LASC Acton. Fitzgerald had filed a motion for terminating sanctions on the basis of those discovery violations. A copy of that motion and supporting declaration without the voluminous exhibits is attached, of which Fitzgerald requests the Court take judicial notice in accordance with FRE 201.

Payment on the Claim should not be delayed and if delayed should not be delayed to the extent of $460,800. But for all the reasons stated above, the Objection should be overruled.

Dated: November 5, 2026

RAMLO LAW

By: */s/ Kurt Ramlo*
Attorney for Creditor Everly Fitzgerald

RAMLO LAW
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Creditor Everly Fitzgerald

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Faissel Vincent Farhi,<br><br>Debtor. | Case No. 2:26-bk-12374-WB<br>Hon. Julia Brand<br><br>Chapter 13<br><br>**Declaration of Everly Fitzgerald in Support of Opposition to Claims Objection**<br><br>Hearing Date: **November 18, 2026**<br>Hearing Time: **1:30 p.m.**<br>Courtroom: 1375<br>255 East Temple Street<br>Los Angeles, CA 90012 |

I, Everly Fitzgerald, declare:

1. I am over the age of eighteen years and understand and believe in the obligations of an oath or affirmation. I make this declaration in support of my *Opposition to Motion Objecting to Claim #8-1 of Everly Fitzgerald*.

2. I filed proof of claim No. 8-1 on May 21, 2026 (the "**Claim**"). The Debtor has objected to my claim on the ground that it is unliquidated.

3. My Claim is unliquidated in that the total amount of the claim has not been liquidated. Portions of my claim, however, are liquidated to some extent. A portion of my claim is for economic damages in an amount of no less than $460,800, consisting of back pay, front pay, waiting time penalties, wage statement penalties,

medical expenses, as follows:

a. Back pay from 8/11/23 to 11/4/26 of no less than $162,000;

b. Front pay of no less than $100,000;

c. Waiting time penalties of no less than $5,800;

d. Wage statement penalties of no less than $4,000;

e. Medical expenses from 8/12/23 surgery and related one week of hospitalization of no less than ~~$___________~~ $189,000.

I would have including in my proof of claim the amounts of liquidated damages for commissions, unpaid overtime, meal and rest premiums, off-the-clock work, sick pay, and business expenses but the Debtor did not comply with his discovery obligations on these items in the Los Angeles Superior Court action. I therefore was required to file a motion for terminating sanctions or alternative an order requiring compliance based in part on these discovery violations. That motion was pending when this chapter 13 case was commenced.

2. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 4, 2026

Everly Fitzgerald

# Exhibit 1

Exhibit 1

SCHEIN LAW GROUP

Joshua D. Schein (State Bar No. 264055)
Josh@Schein.Law
Patricia Lynne Mitchell (State Bar No. 216224)
Patricia@Schein.Law
Cody Leigh Laux (State Bar No. 359748)
Cody@Schein.Law
9401 Wilshire Blvd., Suite 750
Beverly Hills, California 90210
Telephone: (424) 355-8555
Facsimile: (424) 355-8087

**SHERMAN LAW CORPORATION**
Lisa G. Sherman (State Bar No. 176548)
Lisa@Sherm-Law.com
6300 Wilshire Blvd., Suite 880
Los Angeles, California 90048
Telephone: (323) 488-2087
Attorneys for Plaintiff
EVERLY FITZGERALD

**Electronically FILED by Superior Court of California, County of Los Angeles 3/11/2026 6:52 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Ismael, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

EVERLY FITZGERALD an individual,

Plaintiff,

vs.

ZELLIJ GALLERY INC. a California Corporation; FAISSEL FARHI, an individual, and DOES 1-10

Defendants.

Case No. 23STCV31387

*[Assigned for all purposes to the Hon. Brock T. Hammond, Dept. 31]*

**PLAINTIFF FITZGERALD'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, MONETARY, ISSUE, AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR ONGOING VIOLATIONS OF THE COURT'S ORDERS**

**RESERVATION NO: 904948829212**
Date: May 28, 2026
Time: 8:30 am
Dept. 31

Complaint filed: December 22, 2023
Trial Date: April 20, 2026

Complaint filed: December 22, 2023
Trial Date: April 20, 2026

SCHEIN LAW GROUP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 28, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 31 of the Los Angeles County Superior Court, located at 111 North Hill Street, Los Angeles, California 90012, Plaintiff Everly Fitzgerald ("Plaintiff") will, and hereby does, move the Court for an order compelling Defendants Zellij Gallery Inc. ("Zellij") and Faissel Farhi ("Farhi," or collectively, "Defendants") Court for an order of terminating sanctions, or in the alternative, monetary, issue, and evidentiary sanctions against Defendants.

Severe sanctions are necessary because Defendants have:

1. Violated the Court's September 18, 2025, and February 6, 2026 orders.
2. Failed to appear for properly noticed depositions.
3. Withheld contact information of third party out-of-state witness Monika Gransee.
4. Failed to timely respond to discovery and produce documents.
5. Failed to serve a privilege log for documents withheld based on privilege.
6. Failed to pay monetary sanctions ordered.

This continued abuse the discovery process has prejudiced Plaintiff who is left without critical evidence she needs to pursue her claims and defend against Defendants' **82 affirmative defenses** with due process ahead of the April 20, 2026, trial.

The Motion will be made pursuant to California Code of Civil Procedure §§ 2023.030, and 2031.310(i), 2031.320(c).

As set forth in the attached Memorandum, Plaintiff respectfully requests an order entering the following discovery sanctions against Defendants:

1. Terminating Sanctions striking Defendants' answer to the Complaint;

   In the alternative,
2. Monetary sanctions against Defendants: $13,600.
3. As set forth in the attached Memorandum, Plaintiff respectfully requests an order entering the following issue and evidentiary sanctions against Defendants:

<u>Sexual Harassment</u>

1. Issue: Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

<u>Sex Discrimination</u>

1. Issue: Everly Fitzgerald's sex/gender was a substantial motivating reason for her termination.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald sex/gender was a substantial motivating reason for her termination.

<u>Failure to Prevent Claims</u>

1. Issue: Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

<u>Retaliation and Wrongful Termination Claims</u>

1. Issue: Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

<u>Wage and Hour Claims</u>

1. Issue: Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.



SCHEIN LAW GROUP

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Separate Statement filed concurrently herewith, the Declaration of Joshua D. Schein, together with supporting evidence, filed concurrently herewith, and upon all the pleadings, records, and papers on file herein, as well as, any documents incorporated by reference, and upon such further evidence and argument as may be presented at the hearing on this Motion.

Dated: March 11, 2026

SCHEIN
LAW GROUP

By: ______________________________
JOSHUA D. SCHEIN
ATTORNEYS FOR PLAINTIFF
EVERLY FITZGERALD

SCHEIN LAW GROUP

SCHEIN LAW GROUP

## TABLE OF CONTENTS

**I. INTRODUCTION ... 1**

**II. STATEMENT OF RELEVANT FACTS ... 1**

A. Most Recent Abuse - Defendants Fail to Appear Confirmed for Depositions ... 1

B. Prior Abuse - The September 18, 2025, Court Order against Defendants. ... 2

C. Plaintiff Serves RFP, Set Two and Zellij Serves Objections-Only ... 2

D. Defendants Violate the Court's September 18, 2025, Order ... 3

E. Despite Meet-And-Confer, Zellij did not Comply with RFP, Set Two ... 3

F. This Court Orders Supplemental Responses to RFP, Set Two, ESI, a Privilege Log, and Monetary Sanctions ... 4

**III. ARGUMENT ... 5**

A. The Court Should Impose Terminating Sanctions ... 7

B. In the Alternative, The Court Should Impose Monetary Sanctions ... 10

C. The Court Should Impose Issue and Evidentiary Sanctions ... 7

D. The Court Should Order Compliance ... 10

**IV. CONCLUSION ... 10**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Everly Fitzgerald ("Fitzgerald" or "Plaintiff") has been prejudiced by Defendants Zellij Gallery, Inc. ("Zellij"), and Faissel Farhi ("Farhi," collectively "Defendants") repeat violations of this Court's orders and continued misuse of discovery. The history of Defendants' discovery abuse is laid out in the previously filed motion for sanctions. Now, Defendants' have compounded their abuse, by failing to appear for depositions. Mr. Farhi has failed to appear in both his individual and corporate capacity, and the HR director witness, Monika Gransee, has failed to appear as well. As such, this motion is being filed to address the newest and most damaging discovery abuse, as part of the pattern of abuse addressed in the prior motion.

The record is clear that Defendants:

1. Failed to appear for properly noticed depositions.
2. Violated the Court's September 18, 2025, and February 6, 2026 orders.
3. Withheld contact information of third party out-of-state witness Monika Gransee.
4. Failed to timely respond to discovery and produce documents.
5. Failed to serve a privilege log for documents withheld based on privilege.
6. Failed to pay monetary sanctions ordered.

This continued abuse of the discovery process has prejudiced Plaintiff who is left without critical evidence she needs to pursue her claims and defend against Defendants' **82 affirmative defenses** and receive due process prior to the April 20, 2026, trial.

At this point, Plaintiff has been deprived of due process due to Defendants' violations of this Court's orders. According, the Court is authorized to, and should, impose terminating sanctions against Defendants.

## II. STATEMENT OF RELEVANT FACTS

### A. Most Recent Abuse - Defendants Fail to Appear Confirmed for Depositions

On February 19, 2026, Plaintiff re-noticed the depositions of Monika Gransee for March 2, 2026, and Mr. Farhi, for March 3, 2026, after these dates were confirmed by Defendants' lead counsel. (Schein Dec., **Exs. 17-19**).

On February 24, 2026, defense counsel filed a motion to withdraw.

On February 27, 2026, Zellij did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set Two.

Defendants did not serve objections to the depositions of Mr. Farhi or Ms. Gransee. Then, on March 2 and 3, 2024, neither Mr. Farhi nor Ms. Gransee appeared for deposition.

**B. Prior Abuse - The September 18, 2025, Court Order against Defendants.**

Plaintiff served a first set of discovery to Defendants by email on February 14, 2024. (Declaration of Joshua Schein ("Schein Dec.") **Exs. 1, 2**).[1] On May 10, 2024, Defendants served responses comprised largely of boilerplate objections and evasive answers, producing a small 572 documents, which were pdf only, heavily redacted, without attachments, and incomplete email strings. No ESI was produced and no objection to production of ESI in native format was raised. (Schein Dec., **Exs. 3,4**).[2]

After over a year and a half of extensive meet and confer, on September 18, 2025, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set One, against Defendants and ordered full compliance within 45 days of the Order (on or before November 3, 2025) and payment of $8550 in monetary sanctions. (Schein Dec. ¶¶ 10-21, **Ex. 5**). Defendants' counsel asked the Court to permit Defendants additional time to pay the monetary sanctions which was granted. Half of the sanctions were due in 30 days (on or before October 20, 2025) and the remaining sanctions were due in 60 days (on or before November 17, 2025). (Schein Dec., **Ex. 6**).

**C. Plaintiff Serves RFP, Set Two and Zellij Serves Objections-Only**

On September 22, 2025, Plaintiff served RFP, Set Two, on Zellij, which was follow-up discovery to prepare for trial, all of which was narrowly tailored to specific documents ESI discussed with Ms. Wilson at earlier meet and confers. (Schein Dec., **Ex. 7**). All of RFP, Set Two were tied to Defendants' responses to Plaintiff's First set of Discovery.

On October 1, 2025, Defendants' former counsel filed a motion to withdraw as counsel for Defendants. On October 7, 2025, Mr. Farhi "replied all" to the October 2, 2025, email and wrote:

[1] Only one set of RFPs is attached as an example.
[2] Only one set of RFP responses is attached as an example.

> Hello Cassandra (legal assistant to prior defense counsel) How come the documents state your withdrawal is due to reconcilable [sic] differences and unresponsiveness. Knowing well that it's purely financial as I'm filing for bankruptcy, unable to pay you or anyone else, you should amend the paperwork.
> Great job, Josh! (Schein Dec., **Ex. 8**)

Defendants' former counsel did not amend the motion, and Defendants did not file for bankruptcy.

On October 24, 2025, Zellij served objection-only responses asserting the same improper objections that it raised to Set One. (Schein Dec., **Ex. 9**).

**D. Defendants Violate the Court's September 18, 2025, Order**

On November 3, 2025, Defendants did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set One.

On October 20, 2025, and November 17, 2025, Defendants did not pay the monetary sanctions ordered against them. *Id*.

**E. Despite Meet-And-Confer, Zellij did not Comply with RFP, Set Two**

On November 11, 2025, Plaintiff's counsel sent a detailed meet and confer letter stating the reasons Zellij must provide complete responses to each RFP, and demanded that ESI be produced in native format, and produce a privilege log. Zellij did not respond to the letter or comply.

On December 10, 2025, Plaintiff filed and served Plaintiff's Motion to Compel Further Responses to Request for Production of Documents (Set Two) and for Monetary Sanctions.

On December 19, 2025, Defendants' new counsel filed substitutions of attorney.

On December 23, 2025, at the hearing on Defendants' *Ex Parte* Application to Continue the Hearing on this Motion and Trial Date, the Court continued the hearing on the MTC on RFP, Set Two, until February 2, 2026, based on Ms. McManus representations that the new firm needed additional time to comply with Plaintiff's discovery requests and provide substantive responses. The Court denied Defendants' *ex parte* application to continue the April 20, 2026, Trial date reminding Defendants that they must immediately and fully comply with this Court's prior Orders. (Schein Dec., **Ex. 10**).

Plaintiff's counsel sought to meet and confer in compliance with the Court's December 23, 2025, Order, to no avail. Instead, on January 15th, Defendants served supplemental responses that

were not code-compliant, represented that there are no additional responsive documents which was false. (Schein Dec., **Exs. 11, 12**). Further, Defendants failed to produce a privilege log, unredacted documents, any ESI and did not pay the monetary sanctions ordered by the Court on September 18, 2025. New defense counsel also requested another extension of the trial date, did not identify the discovery Defendants needed to complete prior to trial, and objected to producing Ms. Gransee and Mr. Farhi for properly noticed depositions.

On January 22, 2026, Plaintiff served four sets of supplemental requests and interrogatories in preparation for the upcoming trial, which were due on February 25, 2026. Defendants did not respond.

Then, on January 28, 2026, Defendants served another set of supplemental responses to RFP, Set One, only supplementing *one* RFP which again was not code compliant and produced 468 pages of pdf-only incomplete emails half of which were entirely illegible. (Schein Dec., **Exs. 13, 14**). On February 1, 2025, Plaintiff's counsel sent a second meet and confer letter regarding their ongoing violations of the Court's September 18, 2025, order, and requested full compliance by February 6, 2026. (Schein Dec., **Ex. 15**). Nothing was served on February 6, 2026.

### F. This Court Orders Supplemental Responses to RFP, Set Two, ESI, a Privilege Log, and Monetary Sanctions

On February 2, 2026, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set Two, against Zellij, concluding that Zellij asserted meritless objections, and ordered full compliance within 25 days of the order (on or before February 27, 2026) and payment of $3,800 in monetary sanctions within 60 days of the order (on or before April 3, 2026). (Schein Dec., **Ex. 16**). As of the filing of this Motion, Defendants have not complied with the February 2, 2026, order at all, but simply ignored it.

Two days later, Defendants filed a second motion to continue trial for 180 days. This time Defendants claimed that a 180 day trial continuance (and related dates) was necessary because Defendants were diligently working to address Plaintiff's outstanding discovery, including, responding to five sets of discovery; trial prep will be hindered by representing third party HR consultant, Ms. Gransee, at deposition; and to engage in good faith settlement discussions. All of this was flat out false. Defendants manufactured another delay to trick the Court into moving trial

(and related deadlines) and again harming the Plaintiff, who has been suffering for over two years.

March On March 11, 2026, the Court denied Defendants' motion to continue the trial date stating that defense counsel's motion to withdraw "suggests that Defendants do not intend to complete discovery or participate in settlement discussions or mediation." The Court advanced the hearing on defense counsel's motion to withdraw and Plaintiff's motion for sanctions to March 20, 2026, just three days before the discovery cut-off and thirty days before trial. (Schein Dec., **Ex. 20**).

Since defense counsel agreed to represent Ms. Gransee (who lives out of state) in lieu of supplementing Defendants' responses with Ms. Gransee's contact information, Plaintiff may not have time to locate Ms. Gransee and obtain a commission to subpoena her to testify at trial prejudicing Plaintiff.

## III. ARGUMENT

"California discovery law authorizes a range of penalties for a party's refusal to obey a discovery order, including monetary sanctions, evidentiary sanctions, issue sanctions, and terminating sanctions." *Lopez v. Watchtower Bible & Tract Soc'y of New York, Inc.* (2016) 246 Cal.App.4th 566, 604 (citing CCP §§ 2023.010, 2023.030); *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991). "A court has broad discretion in selecting the appropriate penalty, and [the Court of Appeal] must uphold the court's determination absent an abuse of discretion." *Id.* (citing .)" *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390); *Manlin v. Milner* (2022) 82 Cal. App. 5th 1004, 1023-24, review denied (Dec. 21, 2022) ("*Manlin*"). For example, in *Manlin*, the Court issued sanctions based on a pattern of discovery evasion and abuse:

> Here, Manlin engaged in gamesmanship by providing incomplete and noncompliant responses, necessitating multiple efforts to compel compliance with a basic discovery obligation and needlessly prolonging the discovery dispute. His first response contained boilerplate objections having little pertinence to the actual requests. The second response contained more frivolous objections, and the ultimate production was sparse and two days late.

*Manlin*, 82 Cal. App. 5th 1004, 1024.

"CCP § 2023.030 authorizes a trial court to impose monetary sanctions, issue sanctions, evidence sanctions, or terminating sanctions against 'anyone engaging in conduct that is a misuse

of the discovery process.' " *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991.

Decisions such as *Vallbona v. Springer* (1996) 43 Cal.App.4th 1525, 1544–1549, and *Do It Urself Moving & Storage, Inc. v. Brown* (1992) 7 Cal.App.4th 27, 35, hold that violation of a discovery order is not a prerequisite to issue and evidentiary sanctions when the offending party has engaged in a pattern of willful discovery abuse that causes the unavailability of evidence. *See also Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1399. Where conduct is "part and parcel of a whole history of stonewalling, wild goose chases, too little, too late...," sanctions are warranted. *Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1216.

"A willful failure does not necessarily include a wrongful intention to disobey discovery rules. A conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, is sufficient to invoke a penalty. [Citation]." *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 772, 787–788. Where the trial court finds the essential fact of willfulness, that finding is entitled to deference on appeal. *Flynn v. Superior Court* (1979) 89 Cal.App.3d 491, 496. *Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 904; *Sauer v. Superior Ct.* (1987) 195 Cal.App.3d 213, 227–28.

Where a "persistent refusal to comply with discovery requests is equated with an admission that the disobedient party has no meritorious claim in regard to that issue, the appropriate sanction for such conduct is preclusion of that evidence from trial, even if that proves determinative in terminating the offending party's case." *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 390 (plaintiff in sex molestation civil action refused to answer discovery concerning facts, evidence, and witnesses to support his claim); *Kuhns v. State of California* (1992) 8 Cal.App.4th 982 (state was sued for injuries caused by dangerous road condition; state's failure to produce information relevant to plaintiff's claim of the dangerous condition of the property, including state's notice of that fact, justified issue sanction deeming it admitted that the roadway was a dangerous condition of which the state had prior knowledge).

Here, the full range of sanctions is warranted. Plaintiff has been trying to get basic discovery for almost two years. After 18 months of meet and confer, two court orders were sought and issued. Defendants did not comply at all and instead engaged new counsel to repeatedly request trial

continuances, serve more non-compliant supplemental responses, no responsive ESI, while claiming full compliance, and frivolously objecting and not appearing to properly noticed depositions. Every day this case remains unresolved, Plaintiff continues to suffer, witnesses' memories fade, evidence become stale, and Plaintiff is hampered in her ability to prepare for the April 20, 2026, trial. (Schein Dec., ¶71).

Enough is enough. This is an ongoing practice of discovery abuse that is severely prejudicing plaintiff and prolonging this case.

**A. The Court Should Impose Terminating Sanctions**

The court may make any of the following orders against the party disobeying the order: • Striking that party's pleadings or parts thereof; • Staying further proceedings by that party until the order is obeyed; • Dismissing that party's action, or any part thereof; or • Entering default judgment against that party. CCP § 2023.030(d); see *Los Defensores, supra* at 390-392, (entry of default as terminating sanction justified based on party's willful failure to comply with order compelling production of documents identified at deposition); J.*W. v. Watchtower Bible & Tract Soc. of New York, Inc.* (2018) 29 CA5th 1142, 1170-1171 (terminating sanctions warranted where D did not comply with nearly year-old discovery order).

Here, Defendants have engaged in almost two years of discovery abuse causing Plaintiff to incur delay and suffer prejudice. The Court has tried lesser sanctions twice, **with no effect**. Defendants ignore the Court's orders and has been emboldened by the lack of more severe sanctions. All the while, Plaintiffs are forced to litigate without access to critical evidence. (Schein Dec., ¶71). This Court should put an end to Defendants gamesmanship and protect Plaintiff from the utter lack of due process that Defendants' hiding of evidence has caused. The Court should strike Touchstone's answer as a terminating sanction and allow this matter to proceed to a trial on damages with liability determined.

**B. The Court Should Impose Issue and Evidentiary Sanctions**

The court may order that designated facts "shall be taken as established" by the party adversely affected by the discovery misuse; or it may prohibit the party who committed such misuse

from supporting or opposing designated claims or defenses. CCP § 2023.030 (b). Thus, for example, where a party fails to obey an order to answer deposition questions, the court may prohibit the deponent from introducing any evidence to the contrary. See *Juarez v. Boy Scouts of America*, Inc., 81 Cal.App.4th 377, 387 (2000) (issues held established because of failure to answer interrogatories regarding evidence supporting claims pertaining to these issues); *NewLife Sciences v. Weinstock*, 197 Cal.App.4th 676, 687 (2011) (issue sanctions establishing that defendant breached his employment contract, and defendants was precluded from contrary evidence). "The court may impose an issue sanction ordering that designated facts shall be taken as established in the action in accordance with the claim of the party adversely affected by the misuse of the discovery process." (§ 2023, subd. (b)(2).) *Vallbona v. Springer*, 43 Cal.App.4th 1525, 1547, (1996).

For two years, Plaintiff has tried to obtain basic evidence to prove her claims against Defendants. Because Defendants have withheld information, the issues to which that information is pertinent should be decided in Plaintiff's favor.

The court may also prohibit the party from introducing designated matters in evidence. CCP § 2023.030 (c); *Waicis v. Sup.Ct.*, 226 Cal.App.3d 283, 287 (1990) (no abuse of discretion to bar expert's testimony at trial where expert was repeatedly uncooperative in scheduling his deposition and walked out before it was over to attend "personal meeting"); *Deeter v. Angus*, 179 Cal.App.3d 241, 255 (1986), (exclusion of audio tape not produced in response to discovery requests); *Vallbona v. Springer*, 43 Cal.App.4th 1525, 1547-1548 (1996) (exclusion of records offering party claimed he was unable to produce for discovery because they had been stolen).

Here, Plaintiff has repeatedly attempted to obtain evidence on all her claims and the 82 affirmative defenses. Because Defendants have withheld the evidence Plaintiff needs for trial, and because they have withheld the evidence to support their affirmative defenses, such evidence should be barred at trial.

Here, the Court should issue the following orders as sanctions establishing facts that the Defendants have refused confirm, and preventing evidence from Defendants as follows:

<u>Sexual Harassment</u>

1. Issue: Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was subjected to a sexually hostile work environment while employed by Defendants.

Sex Discrimination

1. Issue: Everly Fitzgerald's sex/gender was a substantial motivating reason for her termination.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald sex/gender was a substantial motivating reason for her termination.

Failure to Prevent Claims

1. Issue: Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Defendants failed to take steps to prevent Everly Fitzgerald from suffering a harassment and discrimination while employed by Zellij.

Retaliation and Wrongful Termination Claims

1. Issue: Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald's complaints that she was subjected to discriminatory and harassing conduct based on gender/sex, wage and hour violations, and instructed her to engage in unsafe and illegal business practices were a substantial motivating reason or contributing factor for the adverse employment actions, including, her termination of employment.

Wage and Hour Claims

1. Issue: Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.

2. Evidence: Defendants are barred from introducing evidence at trial to dispute that Everly Fitzgerald was not paid for all of the hours she worked or all commissions owed to her under their agreement.

**C. In the Alternative, The Court Should Impose Monetary Sanctions**

Pursuant to CCP § 2023.030 "(a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct….If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

In addition, case law holds that "[i]f the court finds the refusal or failure [to produce documents] was without substantial justification, it may require that party to pay to the requesting party the amount of reasonable expenses incurred in obtaining the order, including reasonable attorney's fees. Attorney's fees and expenses may be awarded when a motion to compel is granted; the sanctioned party need not have refused to obey an existing court order." *Sauer v. Super. Ct.,* 195 Cal. App. 3d 213, 224 (1987).

As set forth in the accompanying declaration of Joshua D. Schein, Defendants should be ordered to pay $13,600 in sanctions. (Schein Dec., ¶¶73-78).

**D. The Court Should Order Compliance**

The Court should order Defendants to comply with the Court's prior orders immediately (i.e., produce responsive ESI, unredacted documents, a privilege log, and supplemental code-compliant responses).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Everly Fitzgerald requests that this Court grant the requested sanctions. Plaintiff further requests such further and additional relief as the Court deems just and appropriate.

SCHEIN LAW GROUP

Dated: March 11, 2026 By: ______________________

JOSHUA D. SCHEIN

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 9401 Wilshire Blvd., Suite 750, Beverly Hills, CA 90210. On **March 11, 2026**, I served the foregoing document described as: **PLAINTIFF FITZGERALD'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, MONETARY, ISSUE, AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR ONGOING VIOLATIONS OF THE COURT'S ORDERS** on the interested parties in this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

| | |
|---|---|
| **Parag L. Amin, Esq.**<br>parag@lawpla.com<br>eservice@lawpla.com<br>**Kaleigh McManus, Esq.**<br>kaleigh.mcmanus@lawpla.com<br>**Jenny Marcaida**<br>jenny.marcaida@lawpla.com<br>**Angelica Figueroa**<br>angelica.figueroa@lawpla.com<br>LAW OFFICE OF PARAG L. AMIN, P.C.<br>5901 W. Century Blvd., Suite 1518<br>Los Angeles, CA 90045<br>Tel: (213) 293-7881 | Counsel for Defendants |

[x] **By ELECTRONIC SERVICE** in accordance with the Judicial Council's Emergency Rule 12, adopted 4/17/2020 CCP § 1010.6 (amended eff 1/1/19). and the rules in this chapter. CRC 2.251(c)(1) (amended eff 1/1/2020), I served the foregoing document described by causing it to be emailed to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is Sharon@Schein.Law.

[x] **By PERSONAL SERVICE**

[√] STATE I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 11, 2026**, at Los Angeles, California.

Josh Schein



SCHEIN LAW GROUP

Journal Technologies Court Portal

# Make a Reservation

EVERLY FITZGERALD, AN INDIVIDUAL, et al. vs ZELLIJ GALLERY, INC. A CALIFORNIA CORPORATION

Case Number: 23STCV31387 Case Type: Civil Unlimited Category: Wrongful Termination
Date Filed: 2023-12-22 Location: Stanley Mosk Courthouse - Department 31

## Reservation

Case Name:
EVERLY FITZGERALD, AN INDIVIDUAL, et al. vs ZELLIJ GALLERY, INC. A CALIFORNIA CORPORATION

Case Number:
23STCV31387

Type:
Motion for Terminating Sanctions

Status:
RESERVED

Filing Party:
Everly Fitzgerald (Plaintiff)

Location:
Stanley Mosk Courthouse - Department 31

Date/Time:
05/28/2026 8:30 AM

Number of Motions:
1

Reservation ID:
904948829212

Confirmation Code:
CR-VKOZBKASJTG5MYNGL

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Terminating Sanctions | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

Amount:
$0.00

Type:
NOFEE

Account Number:
n/a

Authorization:
n/a

Payment Date:
n/a

Print Receipt | Reserve Another Hearing | View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

Help

# Exhibit 2

Exhibit 2

SCHEIN LAW GROUP

Joshua D. Schein (State Bar No. 264055)
Josh@Schein.Law
Patricia Lynne Mitchell (State Bar No. 216224)
Patricia@Schein.Law
Cody Leigh Laux (State Bar No. 359748)
Cody@Schein.Law
9401 Wilshire Blvd., Suite 750
Beverly Hills, California 90210
Telephone: (424) 355-8555
Facsimile: (424) 355-8087

**SHERMAN LAW CORPORATION**
Lisa G. Sherman (State Bar No. 176548)
Lisa@Sherm-Law.com
6300 Wilshire Blvd., Suite 880
Los Angeles, California 90048
Telephone: (323) 488-2087
Attorneys for Plaintiff
EVERLY FITZGERALD

**Electronically FILED by Superior Court of California, County of Los Angeles 3/11/2026 6:52 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Ismael, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

EVERLY FITZGERALD an individual,

Plaintiff,

vs.

ZELLIJ GALLERY INC. a California Corporation; FAISSEL FARHI, an individual, and DOES 1-10

Defendants.

Case No. 23STCV31387

*[Assigned for all purposes to the Hon. Brock T. Hammond, Dept. 31]*

**SCHEIN DECLARATION IN SUPPORT OF PLAINTIFF FITZGERALD'S MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, MONETARY, ISSUE, AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR ONGOING VIOLATIONS OF THE COURT'S ORDERS**

**RESERVATION NO: 904948829212**
Date: May 28, 2026
Time: 8:30 am
Dept. 31

Complaint filed: December 22, 2023
Trial Date: April 20, 2026

SCHEIN LAW GROUP

SCHEIN LAW GROUP

## DECLARATION OF JOSHUA D. SCHEIN

I, Joshua D. Schein, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am the founder of Schein law Group, APC counsel of record herein for Plaintiff Everly Fitzgerald in this action. I submit this declaration in support of Plaintiffs' motion for sanctions against Defendants. I have personal knowledge of the facts stated herein and if called to testify, I would and could competently testify thereto.

2. On December 22, 2023, Plaintiff filed a 20-count employment action against Defendants. Ms. Fitzgerald alleges that she was subjected to unsafe and illegal business practices, including unwelcome and offensive sexual overtures, blatant discrimination, retaliation for opposing unlawful business practices and numerous wage hour violations. Shortly after Ms. Fitzgerald complained of Mr. Farhi's unlawful conduct for the final time, Defendants admittedly terminated her employment because of her allegations, which is direct evidence of unlawful retaliation and wrongful termination. (Comp. ¶¶ 53-57).

3. Defendants' answer raises 82 affirmative defenses, including, the after-acquired evidence defense based on allegations that following Ms. Fitzgerald's termination, she remotely accessed and deleted Defendants' proprietary electronic business records, including an excel sheet, in violation of 18 USC 1341, 1343, and Calif Penal Code Sections 502(c)(1), 502(d)(1) and 503.5, additional performance issues, and that Plaintiff misappropriated images of Zellij's tile by posting them on her Instagram and website. (*See*, docket).

4. On February 14, 2024, Plaintiff served a first set of discovery consisting of Form Interrogatory-Employment ("EFROGS), Form Interrogatory-General ("GFROGS"), Requests for Production of Documents ("RFPS"), Special Interrogatories ("SROGS"), and Requests for Admissions ("RFAS"). Defendants requested several extensions of time representing that they would fully comply with discovery, all of which were granted.

5. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's RFP, Set One to Zellij.

6. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's RFP, Set One to Farhi.

7. On May 10, 2024, Defendants served responses comprised largely of boilerplate objections and evasive answers, producing a small 572 documents, which were pdf only, heavily redacted, without attachments, and incomplete email strings. No ESI was produced and no objection to production of ESI in native format was raised.

8. Attached hereto as **Exhibit 3** is a true and correct copy of Zellij's responses to RFP, Set One.

9. Attached hereto as **Exhibit 4** is a true and correct copy of Farhi's responses to RFP, Set One.

10. On August 20, 2024, I sent a detailed meet and confer letter stating the reasons Farhi must provide complete responses to each RFP, proposed using a protective order to address any confidentiality concerns, and demanded that ESI be produced in native format, and produce a privilege log by August 30, 2024. Defendants' prior counsel requested several extensions, all of which again were provided to them.

11. On November 12, 2024, Defendants' prior counsel sent a response to the August 20, 2024, meet and confer letter, without providing any supplemental responses or producing any additional responsive documents or ESI.

12. On November 22, 2024, Zellij served its first set of supplemental responses and produced an additional 40 pages of pdf-only redacted documents, and no ESI. Farhi served no further supplemental responses.

13. On January 25, 2025, I sent a detailed meet and confer letter stating the reasons why Zellij's supplemental responses were still not code compliant, and requested supplemental responses from both Defendants, all responsive ESI in native format, and a privilege log by January 28, 2025. On that same date, I also sent a draft protective order to govern the production of confidential documents.

14. On February 27, 2025, Ms. Sherman, my co-counsel, and I had a zoom call with Defendants' prior counsel, Gouya Ranekouhi, to discuss outstanding discovery issues. As to



SCHEIN LAW GROUP

Defendants' insufficient responses and incomplete production in response to Plaintiff's RFP's, Ms. Ranekouhi had no response. I requested dates for an IDC before Judge Bensinger to resolve the outstanding issues.

15. On April 4, 2025, Defendants' prior counsel responded to the January 25, 2025, meet and confer and served a second set of supplemental responses by Zellij only asserting identical generic objections and again failed to provide code-compliant responses, produce all responsive documents, ESI, or a privilege log.

16. On May 5, 2025, Defendants' prior counsel finally signed the protective order to govern the production and use of confidential documents in this case, which was submitted to the Court, but still Defendants did not produce all responsive documents unredacted and in native format.

17. On May 6, 2025, Judge Bensinger held an IDC agreeing with our position that (1) ESI needs to be produced by Defendants, but that the parties should meet and confer on terms, custodians, and scope; (2) since there is a protective order in place, the only redactions on documents should be banking information and social security numbers; and (3) Plaintiff is entitled to obtain the email boxes she used and underlying business records on customers that she worked on, including, sales records to determine commissions earned and owed to her. Judge Bensinger ordered counsel to meet and confer on these issues and Defendants' counsel file a report of the outcome by June 6, 2025, and set the hearing on Plaintiff's Motions to Compel for July 30, 2025.

18. On May 29, 2025, Ms. Sherman and I met and conferred via zoom with Defendants' prior counsel for over an hour, even though we were starting a two-week jury trial on June 9, 2025. Plaintiff's counsel reviewed types of ESI Plaintiff used, custodians including the other three persons identified in its company "employees" directory, and in Morocco, and HR consultant, Monica Gransee; proposed a scope of January 4, 2021 (DOH) to present and provided approximately 90 search terms from the allegations and defenses.

19. In addition, counsel discussed Defendants producing the email boxes Plaintiff used, communications that refer or relate to her, the QuickBooks she worked on as it is relevant to her retaliation, wrongful termination, and unfair business practices claim, text messages between



SCHEIN LAW GROUP

Defendant Farhi and Plaintiff without redactions, and sales documents to determine the commissions owed to her. Ms. Wilson would not agree to produce underlying business records, performance related documents, or as to the scope of the ESI after termination claiming they were not relevant. Following the meeting, Ms. Sherman sent a detailed meet and confer letter (carbon-copying me) confirming what was discussed.

20. Only July 3, 2025, Defendants only supplemented form and employment interrogatories, produced another 108 pages of new pdf-only documents obtained by SMI Aware, a company who collected posts from Plaintiff's Instagram account, as to Defendants' newest after acquired evidence defense that Plaintiff purportedly posted images of Zellij's tiles on her Instagram account. When Plaintiff's counsel asked about the status of the supplementals as to the issues raised at IDC and discussed on May 29, 2025, Defendants' prior counsel requested that they further meet and confer on ESI. Ms. Sherman offered to meet and confer the week of July 7 and July 14, 2025, to which we received no response.

21. On September 18, 2025, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set One, against Defendants and ordered full compliance within 45 days of the Order (on or before November 3, 2025) and payment of $8550 in monetary sanctions.

22. Attached hereto as **Exhibit 5** is a true and correct copy of the September 18, 2025, order.

23. Attached hereto as **Exhibit 6** is a true and correct copy of the certified copy of the transcript from the September 18, 2025, hearing.

24. On September 22, 2025, my office served Plaintiff's RFP, Set Two, on Zellij, which was follow-up discovery to prepare for trial, all of which was narrowly tailored to specific documents ESI discussed with Ms. Wilson at earlier meet and confers. All of RFP, Set Two were tied to Defendants' responses to Plaintiff's First set of Discovery refuting Plaintiff's allegations, Farhi's declaration supporting the after-acquired evidence defense, and Defendants' affirmative defenses. In addition, the vast majority of the documents sought by RFP, Set Two are also responsive to RFP, Set One so if Defendants' statements of compliance in their supplemental responses to RFP, Set One, are in fact true, which they are not based on prior counsel's past



SCHEIN LAW GROUP

representations, documents previously produced, and Defendants' opposition to their production for over 18 months, then its overbroad and unreasonably burdensome objections are specious.

25. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiff's RFP, Set Two.

26. On October 1, 2025, Defendants' former counsel filed a motion to withdraw as counsel for Defendants, which was served on all counsel, legal assistants, and defendants. On October 7, 2025, Mr. Farhi "replied all" to the October 2, 2025, email and wrote:

> Hello Cassandra (legal assistant to prior defense counsel)
> How come the documents state your withdrawal is due to reconcilable [sic] differences and unresponsiveness. ***Knowing well that it's purely financial as I'm filing for bankruptcy, unable to pay you or anyone else, you should amend the paperwork.***
>
> **Great job, Josh!**

By addressing me directly, this showed that Mr. Farhi intended to send the email to me. Defendants' former counsel did not amend the motion, and Defendants did not file for bankruptcy.

27. Attached hereto as **Exhibit 8** is a true and correct copy of Farhi's correspondence.

28. On October 24, 2025, Zellij served objection-only responses to RFP, Set Two, reasserting the *same* improper objections that it raised to Set One

29. Attached hereto as **Exhibit 9** is a true and correct copy of Zellij's objection-only responses to RFP, Set Two.

30. On November 3, 2025, Defendants did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set One.

31. On October 20, 2025, and November 17, 2025, Defendants did not pay the monetary sanctions ordered against them.

32. On November 11, 2025, I sent a detailed meet and confer letter stating the reasons Zellij must provide complete responses to each RFP, and demanded that ESI be produced in native format, and produce a privilege log. Zellij did not respond to the letter or comply.

33. On November 14, 2025, the Court granted prior defense counsel's motion to withdraw.



SCHEIN LAW GROUP

34. On December 10, 2025, my office filed and served Plaintiff's Motion to Compel Further Responses to Request for Production of Documents (Set Two).

35. On December 16, 2025, Defendants' new counsel, Kaleigh McManus, sent an email to me and Lisa Sherman, my co-counsel, advising us that her firm was substituting in as counsel for Defendants shortly.

36. On December 18, 2025, while Ms. Sherman and I were out of the office, Ms. McManus sent an email seeking a 30 day continuance of the hearing on this Motion to "allow us [Defendant's new counsel] to focus our efforts on *substantive responses rather than opposing the motion*." (emphasis added)

37. On December 19, 2025, Defendants' new counsel filed substitutions of attorney and filed an *Ex Parte Application* to Continue the MTC Hearing and Trial. New defense counsel, Kayleigh McManus, submitted a declaration ISO Defendants' *Ex Parte Application* to Continue the MTC Hearing and Trial, representing to the Court that the 30 day continuance was "to allow our office a reasonable amount of time to comply with Plaintiff's discovery requests."

38. On December 23, 2025, at the hearing on Defendants' *Ex Parte* Application to Continue the Hearing on this Motion and Trial Date, the Court continued the hearing on this Motion until February 2, 2026, based on Ms. McManus representations that the new firm needed additional time to comply with Plaintiff's discovery requests and provide substantive responses. Given the delays in this case to date and failure of Defendants to comply with the September 18, 2025, Order, the Court denied Defendants' *ex parte* application to continue the April 20, 2026, Trial date. In doing so, the Court reminded Defendants that they must *immediately and fully comply* with their discovery obligations and this Court's prior Orders and ordered the parties to engage in a meaningful meet and confer and submit a joint status report five days before the hearing on completed and pending discovery, anticipated motions, and any plans for mediation.

39. Attached as **Exhibit 10** is a true and correct copy of the Court's December 23, 2025, Order.

40. Between December 23, 2025, and the January 20, 2026, Opposition, Lisa Sherman, my co-counsel and I, attempted to meet and confer in compliance with the Court's December 23,



SCHEIN LAW GROUP

SCHEIN LAW GROUP

2025, Order. Defendant's new counsel did not respond at all to the November 11, 2025, meet and confer letter, and did not address this Motion at all in response to our attempts to meet and confer on the topics identified in the December 23, 2025, Order.

41. On January 12, 2026, Ms. Sherman emailed Defendants' new counsel to initiate the meet and confer in compliance with December 23, 2025, Order, addressing completed and pending discovery, *including, this Motion,* anticipated motions, and mediation.

42. On January 13, 2026, Ms. McManus replied to Ms. Sherman's January 12, 2025 email stating that "we are in the process of preparing supplementary discovery responses" which we plan to serve by January 19th, and renewed Defendants' request for a 90 day continuation of the trial date so that parties can mediate, and states that "our firm is not in violation of any court order." Ms. McManus did not provide what specific discovery Defendants needed to complete before trial, anticipated motions, or address this Motion at all. Ms. McManus, did not specify if the responses were to RFP, Set One or Set Two.

43. On January 14, 2026, I responded to Ms. McManus' January 13, 2026, email informing her that we were not agreeing to continue trial for mediation or any other reason. I also reminded her of Mr. Farhi's threats to declare bankruptcy and flee the country to evade discovery and that defendants are still in violation of court orders which if it continues, Plaintiff will be filing motions for sanctions for violation of court orders. I requested dates in early February to meet and confer on trial documents. I received no response to my January 14, 2026, email.

44. On January 15, 2026, Defendants served objections to properly noticed depositions of defendant Farhi and Monika Gransee, Defendants' HR representative (set for January 27 and February 9, respectively) on the grounds that they were unilaterally noticed, and Gransee must be subpoenaed, claiming that noticing the depositions improperly was an abuse of the discovery process. I immediately responded the same day that Gransee was served pursuant to the agreement of the parties. I informed Ms. McManus that prior counsel represented they would represent Gransee and accept serve for her which was reached after months of negotiations in which Defendants refused to provide her contact information. I asked Ms. McManus if anything had changed with Gransee's representation and if so, will Defendants supplement and provide her

address and asked for new dates for both depositions. To date, I have received no response to this email and was never provided with Ms. Gransee's contact information

45. Later that evening, January 15, 2026, Defendants served supplemental incomplete, evasive, and non-code compliant responses to RFP, Set One, and a draft protective order. Nothing else was served. None of the responses were code-compliant, most of the supplemental responses state that there are no additional responsive documents which was ***false*** based on previous responses, previous document productions, and prior defense counsel's representations to Plaintiff's counsel and the Court. Further, Defendants failed to produce a privilege log, unredacted documents, any ESI and did not pay the monetary sanctions ordered by the Court on September 18, 2025.

46. Attached hereto as **Exhibit 11** is a true and correct copy of Zellij's Third supplemental responses to RFP, Set One.

47. Attached hereto as **Exhibit 12** is a true and correct copy of Farhi's supplemental responses to RFP, Set One.

48. On January 16, 2026, Ms. Sherman emailed Defendants' new counsel a copy of the Protective Order previously entered by the Court on May 7, 2025, and requested Defendants produce all (unredacted) documents and responsive ESI by cob today. Defendants' new counsel did not respond or serve any documents or ESI.

49. On January 22, 2026, Plaintiff served four sets of supplemental requests and interrogatories in preparation for the upcoming trial, which were due on February 25, 2026. Defendants did not respond.

50. On January 28, 2026, Defendants served another set of supplemental responses to RFP, Set One, only supplementing *one* RFP which again was not code compliant and produced 468 pages of pdf-only incomplete emails half of which were entirely illegible.

51. Attached hereto as **Exhibit 13** is a true and correct copy of Zellij's Fourth supplemental responses to RFP, Set One.

52. Attached hereto as **Exhibit 14** is a true and correct copy of Farhi's Second supplemental responses to RFP, Set One.



SCHEIN LAW GROUP

53. On February 1, 2026, I sent a second meet and confer letter regarding their ongoing violations of the Court's September 18, 2025, order, and requested full compliance by February 6, 2026. Nothing was served on February 6, 2026.

54. Attached hereto as **Exhibit 15** is a true and correct copy of my correspondence.

55. On February 2, 2026, the Court granted Plaintiff's Motion to Compel further Responses to RFPS, Set Two, against Zellij and ordered full compliance within 25 days of the Order (on or before February 27, 2026) and payment of $3800 in monetary sanctions within 60 days of the order (on or before April 3, 2026).

56. Attached hereto as **Exhibit 16** is a true and correct copy of the February 2, 2026, order.

57. As of the filing of this Motion, Defendants have not complied with the February 2, 2026, order at all, but simply ignored it.

58. On February 4, 2026, Defendants filed a second motion to continue trial for 180 days. This time Defendants sought to mislead the Court by claiming that a 180 day trial continuance (and related dates) was necessary because Defendants were diligently working to address Plaintiff's outstanding discovery, including, responding to five sets of discovery; trial prep will be hindered by representing third party HR consultant, Ms. Gransee, at deposition; and to engage in good faith settlement discussions. All of this was flat out false. Defendants manufactured another delay to trick the Court into moving trial (and related deadlines) and again harming the Plaintiff, who has been suffering for over two years.

59. On February 13, 2026, Defendants' lead trial counsel, Parag Amin, confirmed the depositions of Monika Gransee for March 2, 2026, and Mr. Farhi on March 3, 2026.

60. Attached hereto as **Exhibit 17** is a true and correct copy of counsel's correspondence.

61. On February 19, 2026, Plaintiff served amended notices of deposition for Ms. Gransee and Mr. Farhi.

62. Attached hereto as **Exhibit 18** is a true and correct copy of the (second) amended notice of deposition for Ms. Gransee.



SCHEIN LAW GROUP

63. Attached hereto as **Exhibit 19** is a true and correct copy of the (second) amended notice of deposition for Mr. Farhi.

64. No objections were filed to the notices of deposition.

65. On February 24, 2026, defense counsel filed a Motion to withdraw. Mr. Amin informed me on a telephone call that Mr. Farhi and Ms. Gransee would not be appearing for depositions. Mr. Amin also did not provide me with Ms. Gransee's contact information.

66. On February 27, 2026, Zellij did not serve code compliant responses, produce all responsive documents without redactions, native ESI, and a privilege log as to RFP, Set Two.

67. On March 11, 2026, the Court denied Defendants' motion to continue the trial date stating that defense counsel's motion to withdraw "suggests that Defendants do not intend to complete discovery or participate in settlement discussions or mediation." The Court advanced the hearing on defense counsel's motion to withdraw and Plaintiff's motion for sanctions to March 20, 2026, just three days before the discovery cut-off and thirty days before trial.

68. Attached hereto as **Exhibit 20** is a true and correct copy of the tentative ruling which was adopted by the Court on March 11, 2026 (since the order was not posted as the time of this filing).

69. The full range of sanctions is warranted. Plaintiff has been trying to get basic discovery for almost two years. After 18 months of meet and confer, two court orders were sought and issued. Defendants did not comply at all and instead engaged new counsel to repeatedly request trial continuances, serve more non-compliant supplemental responses, no responsive ESI, while claiming full compliance, and frivolously objecting and not appearing to properly noticed depositions twice. The Court has tried lesser sanctions twice, **with no effect**. Every day this case remains unresolved, Plaintiff continues to suffer, witnesses' memories fade, evidence become stale, and Plaintiff is hampered in her ability to prepare for and now is forced to litigate without access to critical evidence at the April 20, 2026, trial.

70. Since defense counsel agreed to represent Ms. Gransee (who lives out of state) in lieu of supplementing Defendants' responses with Ms. Gransee's contact information, Plaintiff may not have time to obtain a commission to subpoena her to testify at trial prejudicing Plaintiff.



SCHEIN LAW GROUP

SCHEIN LAW GROUP

**SANCTIONS**

71. I earned my B.A. in English and Political Science from the University of California, Berkeley (with honors), and my J.D. from UCLA School of Law. I have practiced law in New York and California since 2008.

72. I began my career as a business litigator in the New York office of Latham & Watkins; later practiced in the Los Angeles litigation department of Glaser Weil; served as a Senior Associate with Rosen Saba, LLP; and founded Schein Law Group in 2018. I have presented continuing legal education programs on ethics, social media, and employment law, and authored presentations on corporate raiding and unfair competition.

73. I have significant time pursuing discovery in this matter. My billing rate for this matter is $1,000 per hour.

74. I have spent numerous hours researching and drafting this motion as follows:

| **Legal Services** | **Time Spent** | **Fees/Costs Incurred** |
|---|---|---|
| Drafting of Motion, Declaration, Exhibits | 5 | $5,000 |
| Filing Fee for Motion and Mail serve | | $80 |
| Total | | $5,080.00 |

75. In addition to the foregoing, based on my experience, I reasonably anticipate I will conduct the following additional work on this motion:

| **Legal Services** | **Time Spent** | **Fees Incurred** |
|---|---|---|
| Review and Analyze Opposition to Motion | 1.5 | $1,500 |
| Draft Reply ISO Motion | 3.5 | $3,500 |
| E-Filing fee for Reply and Mail Serve | | $20 |
| Prepare, Appear and Argue Motion | 2 | $2,000 |
| Court Reporter for Motion | | $1,500 |
| Total | | $8,520.00 |

76. Accordingly, Plaintiff will reasonably incur a total of $13,600 in fees and costs associated with this motion.

I declare under penalty of perjury on March 11, 2026, under the laws of the State of California that the foregoing is true and correct.

JOSH SCHEIN

SCHEIN LAW GROUP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 15021 Ventura Blvd. #544, Sherman Oaks, CA 90034.

A true and correct copy of the foregoing document entitled

**Corrected Opposition to Motion Objecting to Claim #8-1 of Everly Fitzgerald; Declaration of Everly Fitzgerald; Request for Judicial Notice**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 5, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Nancy K Curry (TR) inquiries@trusteecurry.com, TrusteeECFMail@gmail.com**
- **Amitkumar Sharma amit.sharma@aisinfo.com**
- **Kevin T Simon kevin@ktsimonlaw.com, SimonKR80921@notify.bestcase.com**
- **David A Smyth smythlaw@gmail.com, dsmyth2_@hotmail.com**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**

**2. SERVED BY UNITED STATES MAIL**: On **November 5, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 5, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 5, 2026 | Kurt Ramlo | /s/ Kurt Ramlo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |